J-S15034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN WRIGHT, | |
| Appellant | No. 792 EDA 2015 |

Appeal from the Judgment of Sentence February 20, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0000340-2011

BEFORE: BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED JUNE 17, 2016**

Appellant, Benjamin Wright, appeals from the judgment of sentence entered on February 20, 2015, following his open guilty plea to possession with intent to deliver, conspiracy, and possession of a firearm prohibited.[1] Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 351 (Pa. 2009), stating that the appeal is wholly frivolous. We affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903(c), 18 Pa.C.S.A. § 6105, respectively.

We take the underlying facts and procedural history in this matter from our independent review of the certified record. On December 8, 2014, Appellant entered an open guilty plea to the aforementioned charges. These arose from Appellant's 2010 sale of drugs to a confidential informant and his unlawful possession of a loaded firearm despite his prior felony convictions. On February 20, 2015, the trial court sentenced Appellant, in the mitigated range, to an aggregate term of incarceration of not less than eleven and one-half nor more than twenty-three months, to be followed by a consecutive term of probation. The trial court specifically stated that Appellant was not to receive credit for time-served. (*See* N.T. Sentencing, 2/20/15, at 17).

On February 23, 2015, the Commonwealth filed a motion to reconsider sentence. A second sentencing hearing took place on March 4, 2015. At that hearing, Appellant waived his right to receive credit for time served and the trial court re-imposed its earlier sentence. (N.T. Sentencing, 3/04/15, at 8-9). The instant, timely appeal followed. On March 18, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On April 8, 2015, counsel filed a statement of intent to file an *Anders*[2] brief. *See* Pa.R.A.P. 1925(c)(4). On

_____

[2] *See Anders*, *supra*.

April 10, 2015, the trial court issued an order to transmit the record in place of an opinion.

On March 23, 2016, this Court remanded the matter to the trial court because, while counsel had filed an **Anders** brief, he had not filed a petition to withdraw as counsel. On March 31, 2016, counsel filed the petition.

On appeal, the **Anders** brief raises the following question for our review:

I.    Whether there are any non-frivolous issues presented for appeal?

(**Anders** Brief, at 3).

Appellant's counsel has petitioned for permission to withdraw and has submitted an **Anders** brief, which is procedurally proper for counsel seeking to withdraw on direct appeal. **See Anders**, **supra** at 744. Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> . . . (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. . . .

**Santiago**, **supra** at 361. When we receive an **Anders** brief, we first rule on the petition to withdraw and then review the merits of the underlying issues. **See Commonwealth v. Garang**, 9 A.3d 237, 240-41 (Pa. Super. 2010).

- 3 -

In addition, "[p]art and parcel of **Anders** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." **Commonwealth v. Vilsaint**, 893 A.2d 753, 755 (Pa. Super. 2006).

In the instant matter, counsel has complied with all the requirements of **Anders** and **Santiago**. Specifically, he has petitioned this Court to withdraw because "after making a conscientious examination of the record, it has been determined that an appeal would be frivolous." (Application to Withdraw Appearance, 3/31/16, at unnumbered page 1). In addition, after his review of the record, counsel filed a brief with this Court that provides a summary of the procedural history and facts with citations to the record, refers to any facts or legal theories that arguably support the appeal, and explains why he believes the appeal is frivolous. (**See Anders** Brief, at 8-10). Lastly, he has attached, as an exhibit to his petition to withdraw, a copy of the letter sent to Appellant giving him notice of his rights, and including a copy of the **Anders** brief and the petition. (**See** Application to Withdraw Appearance, 3/31/16, at unnumbered page 2); **see also Commonwealth v. Millisock**, 873 A.2d 748, 749 (Pa. Super. 2005). Appellant has not filed a response. Because counsel has complied with the dictates of **Anders**, **Santiago**, and **Millisock**, we will examine the issues to see if any have arguable merit. **See Garang**, **supra** at 240-41.

The **Anders** brief challenges the voluntariness of Appellant's guilty plea. (**See Anders** Brief, at 8-9). "[A] defendant who attempts to withdraw

a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation and internal quotation marks omitted). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted). Further, when a defendant has entered a guilty plea, we presume that he was aware of what he was doing; it is his burden to prove that the plea was involuntary. **See Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001). Accordingly, where the record clearly shows the court conducted a guilty plea colloquy and that the defendant understood the nature of the charges against him, the plea is voluntary. **See id.** In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. **See id.** At a minimum, the trial court must inquire into the following six areas:

    (1)   Does the defendant understand the nature of the charges to which he is pleading guilty?

    (2)   Is there a factual basis for the plea?

    (3)   Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted). This examination may be conducted by defense counsel or the attorney for the Commonwealth, as permitted by the Court. *See* Pa.R.Crim.P. 590, Comment. Additionally, the examination may consist of both a "written colloquy that is read, completed, signed by the defendant, and made part of the record," and an on-the-record oral examination. *Id.*

The entry of a guilty plea results in a waiver of all defects and defenses except for those that challenge the jurisdiction of the court, the validity of the guilty plea, or the legality of the sentence. *See Commonwealth v. Syno*, 791 A.2d 363, 365 (Pa. Super. 2002). Because Appellant filed his challenge to the validity of his guilty plea following the imposition of sentence, he must make a showing of manifest injustice. *See Commonwealth v. Gunter*, 771 A.2d 767, 771 (Pa. 2001).

The record in the instant matter amply demonstrates that Appellant's guilty plea was knowing, intelligent and voluntary. Specifically, Appellant signed a four-page written plea colloquy in which he agreed that he was satisfied with the advice by, and representation of, counsel. (*See* Written Guilty Plea Colloquy, 12/08/14 at 3). He agreed to and understood the facts

and elements of the crime, understood what rights he was giving up, and was pleading guilty of his own free will. (**See id.** at 1-3). The trial court then engaged in an oral plea colloquy, which covered all six grounds discussed above. (**See** N.T. Guilty Plea, 12/08/14, at 5-11). Accordingly, any challenge to the validity of Appellant's guilty plea lacks merit. **See McCauley**, **supra** at 922.

Next, the **Anders** brief challenges the discretionary aspects of Appellant's sentence. (**See Anders** Brief, at 9). Preliminarily, we note, "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. McAfee**, 849 A.2d 270, 275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004) (citations and quotations marks omitted). Appellant neither raised any objections to the sentence at sentencing nor filed a post-sentence motion challenging the discretionary aspects of sentence. Therefore, we would ordinarily find the claim waived. However, **Anders** requires that we review claims that we would ordinarily find waived. **See Commonwealth v.**

*Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009). Thus, we will not find Appellant's claim waived on this basis.[3]

The right to appeal the discretionary aspects of a sentence is not absolute. *See McAfee*, *supra* at 274. When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we have found that a substantial question exists. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is

_____

[3] We note that Appellant has not included a Rule 2119(f) statement in his brief. (*See Anders* Brief, *supra*). While this might ordinarily waive his argument, *see Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006), *appeal denied*, 927 A.2d 624 (Pa. 2007) (citation omitted), as Appellant has submitted an *Anders* brief, we are able to review his claim. *See Lilley*, *supra* at 998.

sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.** (emphases in original).

Our standard of review is settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015) (citation omitted).

Here, the **Anders** brief acknowledges that the trial court sentenced Appellant in the mitigated range. (**See Anders** Brief, at 9). The record demonstrates that the trial court had the benefit of a pre-sentence investigation report (PSI). (**See** N.T. Sentencing, 2/20/15, at 16). We have stated that:

> [w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . . Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

**Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (internal quotation marks and citations omitted). Here, the sentencing court stated that it had reviewed the PSI and imposed a sentence that was within the

mitigated range of the guidelines. (*See* N.T. Sentencing, 2/20/15, at 16). Thus, any challenge to the discretionary aspects of sentence lacks merit. *See Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015) (holding sentence not manifestly unreasonable where sentencing court considered PSI, details of crime, and explained reasons for sentence); *see also Moury*, *supra* at 171.

The *Anders* brief also challenges the denial of credit for time served. (*See Anders* Brief, at 9). A claim that the court failed to award credit for time served implicates the legality of sentence. *See Commonwealth v. Clark*, 885 A.2d 1030, 1032 (Pa. Super. 2005). Therefore, our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014).

Here, the record reflects that, because the trial court sentenced Appellant in the mitigated range, it intended that Appellant serve the entire twenty-three months of the sentence. (*See* N.T. Sentencing, 2/20/15, at 17). Therefore, it directed that Appellant not receive credit for time served. (*See id.*). When informed by the Commonwealth, via a post-sentence motion, that it could not so direct, the trial court scheduled the matter for resentencing. At the second sentencing hearing, Appellant explicitly waived his right to receive credit for time served in return for the sentencing court not imposing a lengthier sentence. (*See* N.T. Sentencing, 3/04/15, at 9-10). This Court has held that so long as the waiver is knowing, intelligent,

and voluntary, a defendant can waive his right to credit for time served. *See Commonwealth v. Byrne*, 833 A.2d 729, 735-36 (Pa. Super. 2003). Here, our review of the record demonstrates that Appellant knowingly, intelligently, and voluntarily waived his right to credit for time served. (*See* N.T. Sentencing, 3/04/15, at 7-10). Thus, any challenge to the legality of his sentence on this basis lacks merit. *See Byrne*, *supra* at 735.

Appellant's issues do not merit relief. Further, this Court has conducted an independent review of the record as required by *Anders* and *Santiago* and finds that no non-frivolous issues exist.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2016

- 11 -