**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Donald CLARK, Appellant.**

Superior Court of Pennsylvania.

Argued May 24, 2005.

Filed Oct. 21, 2005.

Robert J. Hollister, Montrose, for appellant.

BEFORE: STEVENS, GANTMAN, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the order entered by the Court of Common Pleas of Susquehanna County applying credit for pretrial detention. Appellant argues that 47 days' pretrial detention he served exclusively on a drug possession charge should have been credited not to the sentence of probation he received for the drug charge, but instead to an unrelated theft and receiving stolen property prison sentence imposed in conjunction with the probationary sentence. We affirm.

¶ 2 On July 19, 2003, Appellant was arrested for possession of a controlled substance. Financially unable to post bail, Appellant was placed in pretrial detention on the drug charge beginning on the same date, July 19, 2003. He had served 47 days of pretrial detention exclusively on the drug charge when, on September 4, 2003, a search warrant executed on his home in an investigation unrelated to the drug charge uncovered stolen items. Police charged him with theft and RSP on that same date, and Appellant continued pretrial detention, now on both sets of charges, from September 4, 2003 through June 17, 2004, when Appellant pled guilty and the court announced that he receive a prison sentence on the theft and RSP charges, to be followed by a probationary sentence for the drug possession charge. No post-sentence motion or direct appeal was filed.

¶ 3 On September 14, 2004, Appellant, still represented by counsel, mailed a *pro se* letter to the trial court requesting that his entire pretrial detention time be applied to his theft/RSP sentence.[1] The court thereafter received a letter from the Susquehanna County Probation and Parole Department advising the court that credit against Appellant's theft/RSP prison sentence should be limited to the time served—from September 4, 2003 through June 16, 2004—attributable in part to the

---

1. Though addressed by neither the parties nor the lower court, Appellant's letter requesting credit for time served was in the nature of a timely petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, as it raised an issue cognizable under the PCRA and was filed within one year after judgment of sentence became final. *See Commonwealth v. Davis,* 852 A.2d 392, 399 (Pa.Super.2004).

theft/RSP charges. Appellant's first 47 days' time served—from July 19 through September 3 of 2003—attributable exclusively to the drug possession charge, the letter continued, should apply to the probationary sentence imposed for the drug possession conviction. On November 1, 2004, the court ordered that Appellant's first 47 days of time served be applied to his sentence of probation. This timely appeal followed.

 ¶ 4 Appellant contends that it was an abuse of sentencing discretion to apply his first 47 days of pretrial detention to his probationary sentence instead of his prison sentence.[2] Initially, we determine that the allegation before us implicates the legality of Appellant's sentence, and is thereby appealable as of right, as Appellant argues that he was denied a statutorily prescribed credit for time served. *See Commonwealth v. Newton,* 875 A.2d 1088 (Pa.Super.2005) (allegation that trial court failed to award credit for time in custody prior to sentencing goes to legality of sentence); *Davis,* 852 A.2d at 399–401.

¶ 5 Sentencing credit for time served is provided for under 42 Pa.C.S.A. § 9760, which reads in pertinent part:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

* * *

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge **that has not been credited against another sentence.**

42 Pa.C.S.A. § 9760(1) and (4) (emphasis added). Under the Sentencing Code, an order of probation constitutes a sentence. 42 Pa.C.S.A. § 9721(1).

¶ 6 Contrary to Appellant's contention, Section 9760(4) does not compel the credit he seeks, for the first 47 days he served in pretrial detention for drug possession charges were, in fact, credited against "another sentence," i.e., the sentence of probation he received for drug possession. Therefore, we find no relief due Appellant under the credit statute.

¶ 7 Nor do we agree with Appellant that recent decisions applying sentencing credits in the parole revocation context control his case. In *Martin v. Pa. Bd. of Prob. & Parole,* 576 Pa. 588, 840 A.2d 299 (2003), the Pennsylvania Supreme Court acknowledged at the outset that Section 9760 did not specifically contemplate the parole violation and revocation context. Nevertheless, the Court construed our credit statutes in light of equitable principles that an indigent serve no more and no less time in confinement than similarly situated offenders of means, and that an offender "receive credit for all incarceration served before

---

2. We note that Appellant also alleges that the court's sentencing was contrary to the negotiated plea agreement and violative of the sentencing record. Our review of the record shows no agreement that all of Appellant's pretrial detention time be credited exclusively against his prison sentence. Rather, the agreement was that he be credited the time served to which he was entitled under the law.

sentencing for which he is being detained in custody." *Id.* at 598, 840 A.2d at 304.

¶ 8 The Court then identified various parole revocation sentencing combinations and permutations that had, to that point, created uncertainty about how to credit pretrial detention time. One such combination was where the parolee was convicted on the new charge but received a corresponding sentence involving no new period of incarceration (e.g. probation only). In that instance, the Court held, it would be improper to withhold pretrial detention credit altogether simply because no new incarceration was imposed, and "the pretrial custody time must be applied to the parolee's original sentence." *Id.* at 599, 840 A.2d at 305.[3]

¶ 9 Critical to the holding, however, was the fact that the parole violator was serving a pretrial detention pursuant to **both** a detainer for the parole violation and the pending new criminal charges. Sentencing equities were held to mandate that if the new charges resulted in no incarceration, then the other source of the pretrial detention at issue, the original sentence, be credited with time served. "Accordingly, [the Pennsylvania Supreme Court held] that, where an offender is incarcerated on **both** a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Id.* at 605, 840 A.2d at 309 (emphasis added). *See also Commonwealth v. Smith*, 853 A.2d 1020 (Pa.Super.2004) (holding that defendant entitled to credit pretrial, probation detainer incarceration time against sentence on new charges because pretrial incarceration was partly attributable to the new charges).

¶ 10 Appellant's case is clearly distinguishable because, unlike the defendant in *Martin*, Appellant's first 47 days of pretrial detention were not attributable at all to the theft and RSP charges for which he received a sentence of incarceration. Rather, they were attributable exclusively to an unrelated drug possession charge, and were, therefore, appropriately credited against the probationary sentence imposed for drug possession.

¶ 11 Our conclusion is supported by *Commonwealth v. Miller*, 440 Pa.Super. 380, 655 A.2d 1000 (1995). In *Miller*, the defendant was arrested and charged with delivery of a controlled substance. He posted bail, but was arrested again several months later on unrelated acts of aggravated assault and robbery, for which he remained incarcerated until his acquittal six months later. The defendant thereafter pled guilty to the delivery charge and was sentenced to a term of imprisonment.

¶ 12 Miller petitioned the trial court for credit for time served prior to his delivery sentence. The trial court amended sentence to give credit for pretrial time attributable to the delivery charge, but it refused to give credit for the six months' pretrial time attributable exclusively to the unrelated aggravated assault and robbery charges. Miller appealed, arguing that his sentence constituted an illegal denial of credit guaranteed under Section 9706(4).

¶ 13 A panel of this Court affirmed sentence, determining first that Section 9706(4) was inapplicable to Miller's case because he was no longer in custody on the delivery charge when he was charged and detained for aggravated assault and robbery. Notable for Appellant's case herein, however, was the *Miller* Court's additional

---

**3.** Later in the *Martin* decision, the Pennsylvania Supreme Court allows for the possibility of applying credit for pretrial detention to an

alternative sentence on the new charges. *Id.* at 605–606 n. 6, 840 A.2d at 309 n. 6.

explanation of general sentencing credit practice in the instance of unrelated offenses: "a defendant shall be given 'credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense.'" *Id.* at 1002 (quotation omitted). *See also Smith, supra* (explaining *Miller*). We see no reason to depart from this general rule of crediting pretrial detention time.

¶ 14 *Martin* and the parole violation/revocation sentencing credit line of cases do not create an exception to the general rule against crediting a sentence with pretrial time attributable to an unrelated charge. Indeed, *Martin* acknowledges the constitutional prohibition against "penal checking accounts," whereby time served on unrelated charges later declared invalid may be subsequently applied toward a future sentence. *Martin* at 605, 840 A.2d at 308–309. It is clear, therefore, that there are limits to the equitable remedies available to indigent detainees, as even those wrongfully detained for invalid charges may not generally apply that time to unrelated sentences.

¶ 15 Section 9706(4) does provide an exception to the general rule, but only where, *inter alia,* the pretrial detention time attributable to a former charge has not been credited against any other sentence. Here, Appellant does not qualify under Section 9706(4) because his pretrial detention time on possession was credited to another sentence—his probationary sentence on possession. Accordingly, we affirm the order entered below.

¶ 16 Order affirmed.