J-S64041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRONE WEBB | |
| Appellant | No. 924 WDA 2014 |

Appeal from the PCRA Order May 7, 2014
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000511-2007
CP-56-CR-0000512-2007

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED NOVEMBER 24, 2014**

Appellant, Tyrone Webb, appeals from the order entered in the Somerset County Court of Common Pleas, which denied his petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

In 2006, Appellant kicked a correctional officer in the groin and, on another occasion, threw a cup of his urine on a correctional officer. Appellant pled guilty to simple assault and aggravated harassment by prisoner. On August 6, 2008, the court sentenced Appellant to a term of one (1) to two (2) years' imprisonment for the simple assault conviction. For the aggravated harassment by prisoner conviction, the court sentenced

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Appellant to a consecutive term of two (2) to five (5) years' imprisonment. Thus, Appellant's aggregate sentence was three (3) to seven (7) years' imprisonment. The court made Appellant's aggregate sentence concurrent to any sentence Appellant was already serving.

This Court affirmed Appellant's judgment of sentence. Appellant subsequently filed a *pro se* PCRA petition, and the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on May 30, 2013. Appellant filed the current *pro se* PCRA petition on January 16, 2014. The PCRA court appointed counsel. On May 7, 2014, following a hearing, the court denied Appellant's petition. Appellant timely filed a notice of appeal on May 23, 2014. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal; Appellant timely complied.

Appellant raises one issue for our review:

> WHETHER THE [PCRA] COURT ERRED IN DENYING APPELLANT'S POST CONVICTION COLLATERAL RELIEF PETITION BY FINDING THAT (1) APPELLANT WAS NOT ENTITLED TO ADDITIONAL CREDIT FOR TIME SERVED; AND (2) TRIAL COUNSEL WAS NOT INEFFECTIVE?

(Appellant's Brief at 3).

Appellant argues that at the time he committed the current offenses, he was incarcerated for a sentence imposed in Lehigh County. According to Appellant, the minimum term for the Lehigh County sentence ended on

March 21, 2007, and the maximum term extended to December 21, 2009. Appellant asserts he remained in custody from the time he committed the current offenses to the sentencing date of August 6, 2008. Appellant claims he is entitled to credit for time served from May 24, 2007 to December 24, 2007, and from January 24, 2008 to August 6, 2008. Appellant contends he is entitled to credit for these dates because the court ordered the current sentence to run concurrently with any sentence Appellant was already serving. Appellant also argues that prior counsel was "ineffective for not succeeding in obtaining such credit on his behalf." (Appellant's Brief at 8). Appellant concludes his sentence should be modified to credit time served on the Lehigh County sentence. We cannot agree.

"The Pennsylvania Rules of Appellate Procedure require that each question an appellant raises be supported by discussion and analysis of pertinent authority, and failure to do so constitutes waiver of the claim." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1262 (Pa.Super. 2014). ***See*** Pa.R.A.P. 2119(a)-(b). "Arguments not appropriately developed are waived." ***Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa.Super. 2006), *appeal denied*, 596 Pa. 704, 940 A.2d 363 (2007).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit;

(2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"[T]o succeed on an allegation of…counsel's ineffectiveness…a post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." ***Commonwealth v. D'Amato***, 579 Pa. 490, 500, 856 A.2d 806, 812 (2004) (internal citations omitted). "[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [the petitioner's] burden of establishing that he is entitled to any relief." ***Commonwealth v. Bracey***, 568 Pa. 264, 273 n.4, 795 A.2d 935, 940 n.4 (2001).

Credit for time served is governed by the Sentencing Code in relevant part as follows:

> **§ 9760. Credit for time served**
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody **as a result of the criminal charge for which a prison sentence is imposed or as a result of the**

> **conduct on which such a charge is based**. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1) (emphasis added). "[A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." **Commonwealth v. Clark**, 885 A.2d 1030, 1034 (Pa.Super 2005) (quoting **Commonwealth v. Miller**, 655 A.2d 1000, 1002 (Pa.Super. 1995)) (internal quotation marks omitted).

Instantly, Appellant's two-page argument section in his brief does not cite to any relevant authority to support his claim that he is entitled to a credit for the time he spent in custody as a result of a prior unrelated conviction. Likewise, Appellant fails to develop any argument as to how plea counsel was ineffective for "not succeeding in obtaining such credit on his behalf." **See** Appellant's Brief at 8. Therefore, Appellant's sole issue is waived. **See Bracey, supra**; **Love, supra**; Pa.R.A.P. 2119(a)-(b).

Moreover, in any event, Appellant would not be entitled to the relief he requests because the time he spent in custody before imposition of the current sentence resulted from a prior unrelated conviction. This pre-sentence period of incarceration was in no way attributable to the current criminal charges. In other words, Appellant is not entitled to a credit against his current sentence for the time he spent in prison on a distinct, wholly

unrelated charge.  *See* 42 Pa.C.S.A. § 9760(1); *Clark, supra*.  Accordingly,

we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2014