J-S25043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE LEE SHEPLER, | |
| Appellant | No. 5 WDA 2015 |

Appeal from the Judgment of Sentence December 8, 2014
in the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000406-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE LEE SHEPLER, | |
| Appellant | No. 6 WDA 2015 |

Appeal from the Judgment of Sentence December 8, 2014
in the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000301-2010

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                        **FILED MAY 20, 2015**

_____

[*] Retired Senior Judge assigned to the Superior Court.

In this consolidated appeal, Appellant, Shane Lee Shepler, appeals from the judgment of sentence entered on December 8, 2014, following the revocation of his probation. On appeal, Appellant contends that the court erred by not crediting his sentence with the time he was incarcerated under a probation detainer lodged because of criminal activity in another county. For the reasons discussed below, we vacate and remand for resentencing.

We take the underlying facts and procedural history in this matter from the trial court's opinion, and our review of the record.[1] On November 4, 2009, Appellant pleaded guilty to a charge of simple assault in case number CP-33-CR-406-2009; the trial court immediately sentenced him to a term of two years of probation. On November 16, 2010, Appellant pleaded guilty to charges of terroristic threats and simple assault in case number CP-33-CR-301-2010; the trial court immediately sentenced him to an aggregate term of incarceration of not less than six months nor more than two years less one day.

On April 28, 2012, the Pennsylvania State Police arrested Appellant for shoplifting tools and fishing gear from a Walmart in Indiana County. (**See** N.T. **Gagnon II** Hearing,[2] 12/08/14, at 22-25). On May 3, 2012, the trial court issued a bench warrant for Appellant's arrest based upon information

_____

[1] We note that the Commonwealth did not file a brief in this matter.

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

received from the Jefferson County Adult Probation Department that Appellant was in violation of his probation in both cases. (*See* Bench Warrant, 5/03/12, at 1). On May 7, 2012, the trial court issued a detainer. (*See* Detainer, 5/07/12, at 1).

On October 22, 2012, following a trial, a jury in Indiana County convicted Appellant of retail theft and receiving stolen property. (*See* PCRA Court Opinion, 6/27/14, at 1). On November 21, 2012, the Court of Common Pleas of Indiana County sentenced Appellant to a term of incarceration of not less than three months nor more than twelve months. (*See* Notice of Charges and Hearings Rights & Written Request for Revocation, 1/29/13, at 1; *see also* PCRA Ct. Op., *supra* at 1).

On January 29, 2013, the Jefferson County Adult Probation Department issued a Notice of Charges and Hearings Rights & Written Request for Revocation, stating that Appellant had violated his probation in both cases because he failed to report on May 1, 2012, and because of the conviction in Indiana County. (*See* Notice of Charges and Hearings Rights & Written Request for Revocation, *supra* at 1). At a *Gagnon I* hearing on January 30, 2013, the trial court took judicial notice of the Indiana County conviction and sentence and heard testimony from Appellant on the failure to report charge. (*See Gagnon I* Hearing, 1/30/13, at 2-3). Following a *Gagnon II* hearing on February 19, 2013, the trial court revoked Appellant's probation in both cases based upon the Indiana County conviction but did

not issue a ruling with respect to the failure to report charge. (**See Gagnon II** hearing, 2/19/13, at 3-5). The trial court immediately resentenced Appellant to an aggregate term of incarceration of not less than three and one-half nor more than seven years. (**See id.** at 4).

On October 23, 2013, Appellant, acting *pro se*, filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, challenging one of the underlying simple assault convictions. (**See** PCRA Petition, 10/23/13, at 3). On November 20, 2013, Appellant filed a motion for reconsideration of sentence, which the trial court denied on November 22, 2013.

Subsequently, the court appointed counsel to represent Appellant on the PCRA petition. On February 11, 2014, PCRA counsel filed an amended PCRA petition alleging that the revocation of probation could not stand because the Court of Common Pleas of Indiana County had, on November 4, 2013, *nol prossed* the conviction that served as the basis for the revocation of probation. (**See** Amended PCRA Petition, 2/11/14, at 2).

On June 27, 2014, the PCRA court granted, in part, Appellant's PCRA petition; it vacated the judgment of February 19, 2013, but directed the Commonwealth to notify the court within thirty days if it intended to present evidence at a new **Gagnon II** hearing. (**See** PCRA Ct. Op., 6/27/14, at 2-3). On July 23, 2014, the Commonwealth notified the court that it intended to present evidence at a new **Gagnon II** hearing.

- 4 -

The new *Gagnon II* hearing took place on December 8, 2014; at the hearing, the Commonwealth presented the testimony of three witnesses to the events that took place at the Walmart in Indiana County on April 28, 2012. (*See Gagnon II* Hearing, 12/08/14, at 4-27). The Commonwealth did not present any evidence with respect to the failure to report charge. (*See id.*). Following the hearing, the trial court again revoked Appellant's probation and sentenced him to an aggregate term of incarceration of not less than three and one-half nor more than five years. (*See* Sentence, 12/08/14, at 1). The trial court denied Appellant's request to receive credit for time served in the Indiana County Jail from May 4, 2012 to November 26, 2012. (*See id.*).

On December 10, 2014, Appellant filed a motion for modification of sentence, which the court denied on December 12, 2014. The instant, timely appeal followed. On December 31, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on January 7, 2015. On January 14, 2015, the trial court filed an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

1. Did the [trial] court, at [the] time of entering its probation revocation sentences in these two cases on December 8, 2014, err or abuse its discretion in denying [Appellant's] request, made both by oral motion and by written motion to modify sentence, for credit for time served for that period of time spent incarcerated at the Indiana County Jail from May

- 5 -

4, 2012 to November 26, 2012, pursuant to both a Jefferson County probation detainer and a then pending Indiana County criminal charge, when said Indiana County criminal charge/conviction was later subject to a *nol pros* after an award of a new trial on collateral review by the Indiana Court of Common Pleas?

(Appellant's Brief, at 5).

Appellant argues that the revocation sentence is illegal under 42 Pa. C.S.A. § 9760, because the trial court did not award him credit for time served. (**See** Appellant's Brief, at 14). A claim that the court failed to award credit for time served implicates the legality of sentence. **See Commonwealth v. Clark**, 885 A.2d 1030, 1032 (Pa. Super. 2005). Therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Wolfe**, 106 A.3d 800, 802 (Pa. Super. 2014).

Sentencing credit for time served is provided for pursuant to 42 Pa. C.S.A. § 9760, which states in pertinent part:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

\* \* \*

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in

relation to the sentence set aside since the commission of the offenses on which the sentences were based.

42 Pa. C.S.A. § 9760(1) and (3).

In the instant matter, Appellant argues that:

Because [his] incarceration, from May 4, 2012 through November 26, 2012, is attributable to both his probation detainer (Jefferson County Bench Warrant) and the new criminal charges (Indiana County theft charges), it must be attributed to either his sentence under the new criminal charges or to the sentence imposed for violation of probation/parole. As [Appellant's] Indiana County charges were the subject of a *nol pros* he must received credit for this time against his revocation sentences out of Jefferson County [pursuant to this Court's decision in **Commonwealth v. Smith**, 853 A.2d 1020, 1026 (Pa. Super. 2004)].

(Appellant's Brief, at 25). We agree.

In **Smith**, the appellant was detained, partially because of a probation detainer, while awaiting trial on new criminal charges. **See Smith**, **supra** at 1023. The trial court ultimately closed the probation violation without imposing any penalty; however, a jury found Smith guilty on the new criminal charges. **See id.** at 1022-23. The trial court denied Smith's request to give him credit for time served on the probation detainer against his sentence on the new criminal matter. **See id.** at 1023.

On appeal, this Court concluded that the trial court erred, holding that because Smith's pre-trial detention was a result of both the probation detainer and the new criminal charges, he was entitled to have that time credited against his new sentence on the criminal charges. **See id.** at 1026. In so doing, we adopted the principle regarding "equitable crediting of pre-

trial incarceration," which the Pennsylvania Supreme Court delineated with respect to parole in ***Martin v. Pa. Bd. of Prob. and Parole***, 840 A.2d 299, 308-09 (Pa. 2003), and applied it to probation. ***Id.*** at 1026. We specifically stated that where "pretrial incarceration is attributable to both [a] probation detainer and the new criminal charges, it must be attributed to either [a defendant's] sentence under the new criminal charges or to a sentence imposed for violation of probation." ***Id.***; ***see also Martin***, ***supra*** at 309 ("where an offender is incarcerated on both a [Parole] Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence.") (footnote omitted).

In its Rule 1925 opinion, the trial court acknowledges ***Smith*** but argues that we should construe it narrowly and that it is inapplicable because, in ***Smith***, the court did not find that the defendant had violated probation. (***See*** Trial Court Opinion, 1/14/15, at 2). The trial court further argues that ***Smith*** is inapposite because, in the instant matter, a jury found Appellant guilty of the new criminal charges and their subsequent dismissal was the result of a procedural error on the part of the trial court and not based upon a finding that Appellant was innocent. (***See id.*** at 2-3). We disagree.

The trial court does not point to, and we see nothing in ***Smith***, that supports its analysis. The ***Smith*** Court squarely held that where pretrial incarceration was attributable to both a probation detainer and new criminal

charges, the defendant was entitled to credit for time served against either the sentence on the new criminal charges or the sentence imposed for violation of probation. **See Smith**, **supra** at 1026. Here, because the new criminal charges were *nol prossed*, Appellant was entitled to credit for time served in pre-trial detention against the sentence imposed for violation of probation. **See id.**; **see Martin**, **supra** at 309. The trial court committed an error of law when it failed to credit Appellant's sentence. Accordingly, we are constrained to vacate the December 8, 2014 judgment of sentence and remand for resentencing in a manner consistent with this decision.

Judgment of sentence vacated. Case remanded for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2015