# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Travis Frye,                                          :
                          Petitioner                  :
                                                      :     No. 277 C.D. 2016
                    v.                                :
                                                      :     Submitted: September 16, 2016
Pennsylvania Board of Probation                       :
and Parole,                                           :
                          Respondent                  :


BEFORE:     HONORABLE ROBERT SIMPSON, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: January 18, 2017


Travis Frye (Petitioner) petitions for review of the February 3, 2016 decision of the Pennsylvania Board of Probation and Parole (Board) affirming its prior determination to recommit Petitioner as a convicted parole violator and recalculate his maximum sentence date.

The following facts are garnered from the certified record in this case. Petitioner was originally sentenced on April 27, 2000, to a term of incarceration of 8 to 16 years following his convictions for multiple drug charges. Petitioner's original maximum sentence date was April 27, 2016. Following service of his minimum sentence, Petitioner was released on parole on April 28, 2008. Petitioner signed his conditions governing parole form warning that should he be convicted of a crime while on parole, the Board had the authority to recommit him to serve the balance of

his sentence with no credit for time spent at liberty on parole. While on parole on June 24, 2013, Petitioner was arrested by the Harrisburg Police Department and charged with simple assault. Petitioner was transported to the Dauphin County Prison. The next day, June 25, 2013, the Board issued a warrant to commit and detain Petitioner. Petitioner's bail was set at $5,000.00 cash, but he was unable to post the same. Petitioner later pled guilty to harassment, a summary offense, and was sentenced on December 6, 2013, to pay fines and costs.

The Board issued a new warrant to commit and detain dated December 11, 2013. On December 20, 2013, the Board provided Petitioner with a notice of charges and hearing alleging that he committed a technical violation of his parole by engaging in assaultive behavior. On December 23, 2013, Petitioner executed a waiver of violation hearing and counsel/admission form admitting to his technical violation. By decision dated January 8, 2014, the Board recommitted Petitioner as a technical parole violator to serve 6 months backtime, with automatic parole thereafter. Petitioner's maximum sentence date remained as April 27, 2016.

Nevertheless, Petitioner was reparoled on March 28, 2014, with the same condition governing his parole as discussed above. While on parole on March 24, 2015, Petitioner was arrested by the Hampden Township Police Department and charged with numerous offenses, including, *inter alia*, fleeing or attempting to elude an officer, false identification, possession of marijuana, and reckless driving. Petitioner was transported to the Cumberland County Prison. That same day, the Board issued a warrant to commit and detain Petitioner. Petitioner's bail was set at $25,000.00 cash, but he was unable to post the same. Petitioner later pled guilty to the aforementioned charges and was sentenced on July 7, 2015, to a term of incarceration of 6 to 24 months.

On July 15, 2015, the Board provided Petitioner with a notice of charges and hearing relating to his new criminal convictions. That same day, Petitioner executed a waiver of violation hearing and counsel/admission form admitting to his new criminal convictions. By order dated September 21, 2015, the Board recommitted Petitioner as a convicted parole violator to serve 12 months backtime. The Board also recalculated Petitioner's maximum sentence date as October 3, 2022. The Board calculated this date by noting that when Petitioner was originally released on parole on March 28, 2014, his original maximum sentence date was April 27, 2016, leaving 761 days of backtime owed towards his original sentence. The Board then added these 761 days to the 1,884 days of prior parole liberty forfeited for the period from April 28, 2008, to June 25, 2013, thereby resulting in Petitioner owing 2,645 days toward his original sentence. The Board did not award Petitioner any backtime served credit because he was never incarcerated solely on the Board's warrants. The Board then added these 2,645 days to July 7, 2015, Petitioner's custody for return date, to arrive at the new maximum sentence date.

Petitioner submitted a letter and an administrative remedies form dated November 6, 2015, challenging his recalculated maximum sentence date. Specifically, Petitioner alleged that the Board lacked the authority to alter/increase a judicially imposed maximum sentence date. By letter to Petitioner mailed February 3, 2016, the Board affirmed its earlier decision recalculating his maximum sentence date, finding no ground to grant administrative relief. The Board explained that it had the statutory authority under section 6138(a)(2) of the Prison and Parole Code (Parole Code), 61 Pa.C.S. §6138(a)(2), to recalculate Petitioner's sentence to reflect that he received no credit for the period he was at liberty on parole. The Board noted that Petitioner was advised of the same in the conditions governing his parole, which

3

Petitioner acknowledged receiving. The Board further stated that Petitioner's ability to challenge the recalculation after it is imposed satisfies due process and does not implicate any constitutional concerns.

Petitioner subsequently filed a *pro se* petition for review with this Court alleging that the Board incorrectly recalculated his maximum sentence date.[1] More specifically, Petitioner alleged that the Board failed to provide him with credit for the time he spent in custody exclusively under the Board's warrant, i.e., a period of 169 days from June 25, 2013, to December 11, 2013, a period of 107 days from December 11, 2013, to March 28, 2014, and a period of 35 days from February 17, 2015, to March 24, 2015, when he was declared delinquent.[2] We agree, in part.

"Upon recommitment as a convicted parole violator, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled with no credit given for street time." *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007) (citation omitted). Additionally, in *Armbruster*, we explained that "[w]hen computing the time yet to be served on the original sentence, the convicted parole violator's street time is added to the original maximum expiration date to create a new maximum expiry." *Id.* Moreover, we have previously held that the Board has the power to take prior parole liberty away from a parolee when he/she is recommitted as a convicted parole violator. *See Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365, 1368 (Pa. Cmwlth. 1996) ("parolees. . .do not receive credit for time served

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

[2] Petitioner is represented by counsel before this Court.

while at liberty on parole in good standing prior to technical violations when recommitted as convicted parole violators"); *Anderson v. Pennsylvania Board of Probation and Parole*, 472 A.2d 1168, 1171 (Pa. Cmwlth. 1984) (time a parolee spent on parole in good standing prior to recommitment for technical parole violations was correctly added to the parolee's maximum sentence after his recommitment as a convicted parole violator).

In the present case, when Petitioner was released on parole on March 28, 2014, he had 761 days remaining to reach his maximum sentence date of April 27, 2016. Following Petitioner's recommitment as a convicted parole violator, the Board considered Petitioner's prior parole liberty from April 28, 2008, to June 25, 2013, to be forfeited, a total of 1,884 days. When these 1,884 days are added to the 761 remaining days on Petitioner's original sentence, the Board calculated that Petitioner owed 2,645 days on his original sentence, which resulted in a new maximum sentence date of October 3, 2022.

However, contrary to the Board's contention, Petitioner did not receive "sentence credit for the days after June 25, 2013, which would include the 169 days at issue (i.e., from June 25, 2013 to December 11, 2013)." (Board's brief at 11.) The Board reasons that Petitioner received this sentence credit because it did not include this time period in recalculating Petitioner's maximum sentence date. In other words, the Board explains that it calculated Petitioner's backtime owed of 1,884 days from April 28, 2008, to June 25, 2013, and not beyond that date. However, the fact that the Board did not use any dates subsequent to June 25, 2013, in its recalculation does not change the fact that Petitioner was incarcerated during that time.

There is no dispute that Petitioner was incarcerated on both the Board's detainer and because of his inability to make bail on his new criminal charge of

simple assault for the time period from June 25, 2013 to December 11, 2013. However, Petitioner later pled guilty to a summary charge of harassment, for which he was sentenced to pay fines and costs but no jail time. In such a situation, both our Supreme Court and this Court have held that a parolee is entitled to credit against his original sentence. *See Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 305 (Pa. 2003) (explaining that if the new criminal charges do not result in a period of incarceration, then the parolee's pre-trial custody time must be applied to the parolee's original sentence); *Johnson v. Murray*, 888 A.2d 28, 34 (Pa. Cmwlth. 2005) (noting that where a parolee is being held both on the Board's detainer and pending new criminal charges, but the new charges ultimately result in no incarceration, then the Board should credit the parolee's pre-trial detention period against his original sentence) (citing *Commonwealth v. Clark*, 885 A.2d 1030, 1033 (Pa. Super. 2005)). Indeed, the Board admits in its brief that Petitioner "correctly argues" that he was entitled to credit for this time period, but incorrectly reasons that he received credit for the same. (Board's brief at 11.) Thus, because Petitioner was not sentenced to any period of incarceration on this new criminal charge, the Board erred in denying Petitioner credit for the 169 days he was incarcerated from June 25, 2013 to December 11, 2013.

However, contrary to Petitioner's arguments, he is not entitled to credit for the 107 days from December 11, 2013, to March 28, 2014, or the 35 days from February 17, 2015, to March 24, 2015. During these time periods, Petitioner was not incarcerated solely as a result of the Board's detainer or because of new pending criminal charges that did not result in any incarceration. Rather, for the period from December 11, 2013, to March 28, 2014, Petitioner was incarcerated as a result of his recommitment to serve six months backtime for his technical parole violation.

6

Additionally, during the period from February 17, 2015, to March 24, 2015, Petitioner was not in custody at all; rather, he was simply declared delinquent. Further, this delinquency time period was not included in the Board's recalculation.

Accordingly, the Board's order is affirmed in part and reversed in part, and the matter is remanded, consistent with this opinion.

_____
PATRICIA A. McCULLOUGH, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Travis Frye, :
           Petitioner :
                     :   No. 277 C.D. 2016
          v. :
                     :
Pennsylvania Board of Probation :
and Parole, :
           Respondent :

## ***ORDER***

AND NOW, this 18th day of January, 2017, the order of the Pennsylvania Board of Probation and Parole (Board), dated February 3, 2016, is hereby affirmed to the extent it denied Travis Frye (Petitioner) credit for the time periods from December 11, 2013, to March 28, 2014, and February 17, 2015, to March 24, 2015. However, the Board's order is reversed to the extent that it denied him credit for the time period from June 25, 2013, to December 11, 2013, and the matter is remanded to the Board to recalculate Petitioner's maximum sentence date with this credit.

       Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge