J-S01031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JANAY BRITTANY JACKSON, | : | |
| | : | |
| Appellant | : | No. 1041 MDA 2016 |

Appeal from the Judgment of Sentence March 11, 2016
in the Court of Common Pleas of Luzerne County,
Criminal Division, No(s): CP-40-CR-0002446-2015

BEFORE: GANTMAN, P.J., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 14, 2017**

Janay Brittany Jackson ("Jackson") appeals from the judgment of sentence imposed following her guilty plea to possession with intent to deliver a controlled substance ("PWID"). *See* 35 P.S. § 780-113(a)(30). Additionally, Melissa Sulima, Esquire ("Attorney Sulima"), Jackson's counsel, has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). We grant Attorney Sulima's Petition to Withdraw, and affirm Jackson's judgment of sentence.

On January 22, 2016, Jackson entered a guilty plea to PWID. The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI"). On March 11, 2016, after reviewing the PSI, the trial court sentenced Jackson to a term of 1 year, 8 months to 4 years in prison, to be served concurrent with another sentence she was then serving in Wyoming

County, Pennsylvania, on unrelated charges. The trial court found that Jackson was eligible for a Recidivism Risk Reduction Incentive ("RRRI") minimum sentence, and indicated that the RRRI minimum sentence was 15 months.

Jackson filed a Motion for Clarification of Sentence, which the trial court denied, following a hearing. Jackson subsequently filed a timely Notice of Appeal. The trial court ordered Jackson to file a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. In lieu of filing a Concise Statement, Attorney Sulima filed a Statement of Intent to File an **Anders**/**McClendon**[1] Brief, seeking to withdraw as counsel.

In the **Anders** Brief, the following question is presented for our review: "Whether the trial court imposed an illegal sentence by failing to give [] Jackson credit for time served prior to sentencing?" **Anders** Brief at 1. Jackson did not file a separate *pro se* brief, nor did she retain alternate counsel for this appeal.

We must first determine whether Attorney Sulima has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted). Pursuant to

---

[1] **Commonwealth v. McClendon**, 424 A.2d 1185 (Pa. 1981).

*Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise [her] of [her] right to retain new counsel or to raise any additional points that [s]he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the [appellate] court.

*Commonwealth v. Burwell*, 42 A.2d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Sulima has complied with the requirements set forth in *Anders* by indicating that she has conscientiously examined the record and determined that an appeal would be frivolous. Further, the record contains a copy of the letter that Attorney Sulima sent to Jackson, informing her of Attorney Sulima's intention to withdraw and advising her of her right to proceed *pro se*, retain counsel, and file additional claims. Finally, Attorney

Sulima's **Anders** Brief meets the standards set forth in **Santiago**. Because Attorney Sulima has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Jackson's appeal is, in fact, wholly frivolous.

Jackson argues that she is entitled to credit for time served between June 2, 2015, when bail was set, and March 11, 2016, when she was sentenced. **Anders** Brief at 3.

Jackson's claim implicates the legality of her sentence. **See Commonwealth v. Tobin**, 89 A.3d 663, 669 (Pa. Super. 2014) (recognizing a claim based upon the failure to give credit for time served is a challenge to the legality of a sentence).

Sentencing credit for time served is governed by 42 Pa.C.S.A. § 9760, which states, in relevant part, the following:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody *as a result of the criminal charge for which a prison sentence is imposed* or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1) (emphasis added). "The principle underlying this statute is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." **Commonwealth v. Hollawell**, 604 A.2d 723, 726 (Pa. Super. 1992). However, "a defendant is not entitled to receive credit against more than one sentence for the same time served."

***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa. Super. 2014) (citation omitted); ***see also Commonwealth v. Clark***, 885 A.2d 1030, 1032 (Pa. Super. 2005) (stating that "[c]redit is not given … for a commitment by reason of a separate and distinct offense.") (citation omitted).

Here, Jackson was sentenced in Wyoming County on October 14, 2015. At that time, she was awarded credit for her time served in Wyoming County between February 24, 2015, and October 14, 2015. In the instant case, Jackson is not entitled to receive credit for time served between June 2, 2015, and March 11, 2016, because during that time, Jackson was serving a sentence on a separate and distinct offense in Wyoming County. ***See Clark***, ***supra***; ***Hollawell***, 604 A.2d at 726 (concluding that once the defendant was credited for time served for a previous, separate conviction, his "time in custody was no longer 'a result of' the charges" brought against him in the second case).

Further, our independent examination of the record indicates that there are no other claims of arguable merit. ***See Anders***, 386 U.S. at 744-45. Accordingly, we conclude that Jackson's appeal is wholly frivolous, and Attorney Sulima is entitled to withdraw as counsel.

Petition to Withdraw as counsel granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017