J-S54014-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DEANDRE LEVON JONES | : | |
| Appellant | : | No. 1781 WDA 2017 |

Appeal from the Judgment of Sentence September 26, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001457-2017

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.                FILED NOVEMBER 26, 2018

Deandre Levon Jones challenges the judgment of sentence entered in the Erie County Court of Common Pleas, following his convictions on drug offenses. Specifically, he contests the inclusion of juvenile adjudications in calculating his prior record score pursuant to 204 Pa. Code § 303.6. Appellant believes this provision of the Pennsylvania Sentencing Guidelines violates the Eighth Amendment's proportionality requirements. Appellant also requests the application of credit for time served to his sentence. We remand with instructions.

The facts and procedural history of this case are as follows. During a phone call, Appellant arranged to sell heroin to a buyer. Unfortunately for Appellant, his customer was a confidential informant. After he was charged with eleven separate offenses stemming from the incident, Appellant pled

guilty to possession with intent to distribute, criminal use of a communications facility, and driving under a suspended license.[1] The court sentenced him to an aggregate six to fourteen years' incarceration. In doing so, the court noted Appellant's young age and high prior record score indicating his status as a repeat first- and second-degree felony offender ("RFEL"). See N.T. Sentencing, 9/26/17, at 17.

Appellant filed a timely post-sentence motion, asking the court to modify his sentence. The court held a hearing, but ultimately denied the motion. Appellant filed a timely notice of appeal, and this case is now before us.

Appellant first challenges the trial court's calculation of his prior record score as an RFEL. Appellant suggests that the Pennsylvania Sentencing Guideline permitting inclusion of the "most serious juvenile adjudication of each prior disposition ... in the Prior Record Score" is unconstitutional. 204 Pa. Code. § 303.6. As support for this proposition, Appellant offers the United States Supreme Court cases of Miller v. Alabama, 567 U.S. 460 (2012) (holding mandatory life without parole sentences imposed on juveniles are unconstitutional), Montgomery v. Louisiana, 136 S.Ct. 718 (2015) (determining Miller applies retroactively during collateral proceedings).

Though the trial court considered this a discretionary aspects claim, Appellant clearly disputes the constitutionality of the sentencing guideline. Such a challenge raises a question of law. See Commonwealth v. Bonner,

---

[1] 35 P.S. § 780-116(a)(30); 18 Pa.C.S.A. § 7512(a); and 75 Pa.C.S.A. § 1543(a), respectively.

135 A.3d 592, 597 (Pa. Super. 2016). Therefore, our standard of review is de novo, and our scope of review is plenary. See id.

To be included in an offender's prior record score, juvenile offenses must have occurred on or after the offender's 14th birthday, and the juvenile court must have made an express finding that the adjudication was for a felony or an enumerated first-degree misdemeanor. See 204 Pa. Code § 303.6(a). "Only the most serious juvenile adjudication of each prior disposition is counted in the Prior Record Score." Id., at subsection (b). As noted, Appellant has a prior record score of RFEL, based in large part on his juvenile adjudications.

Appellant concedes his challenge is nearly identical to the one presented to a previous panel of this Court in Bonner. There, Bonner also argued that juvenile adjudications should be weighed differently than adult convictions for purposes of calculating a prior record score. The panel reasoned:

> Roper, Graham, and Miller all addressed the constitutionality of sentencing a defendant for offenses committed as a juvenile. In this case, [Bonner] was an adult when he committed the instant offenses. Thus, Roper, Graham, and Miller are inapposite. Here, [Bonner] is being held to account for conduct and choices he made as an adult with full knowledge of the nature and scope of his own criminal past, including juvenile adjudications. Thus, [Bonner's] contention that the sentencing guidelines fail to recognize the lack of maturity of a youthful offender holds little sway in the instant circumstances. Moreover, the sentencing guidelines attempt to ensure that a defendant knows the prior juvenile adjudications that will be used during subsequent adult sentencing proceedings by limiting such use to those committed after he turned 14 and that (typically) occurred within the past 14 years. They also include only the most serious adjudication of each disposition, effectively giving the defendant a volume discount for criminal

conduct committed as a juvenile.

135 A.3d at 601 (citations omitted).

The panel noted Bonner had committed his offenses as an adult, and that the criminal justice system seeks to "reduce the risk of recidivism by imposing harsher punishments upon those who have previously committed crimes, either as juveniles or adults, and failed to conform their conduct appropriately." Id., at 601. The Court concluded that the inclusion of juvenile adjudications in the calculation of a prior record score does not violate the proportionality principles of the Eighth Amendment.

Appellant acknowledges we are bound by the holding in Bonner. See Appellant's Brief, at 14. Thus, he is due no relief on his first argument.

Appellant's second challenge concerns the trial court's refusal to award him credit on this sentence for time served.

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

"[A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." Commonwealth v. Clark, 885 A.2d 1030, 1034 (Pa. Super. 2005) (citations and internal quotations

omitted).

Appellant seeks to have 58 days of credit for time served from April 12, 2017, to June 9, 2017, applied to his sentence. The sentencing court denied this request, stating it applied that credit at a different docket. Appellant agrees he was given some time credit at the other docket, but maintains that credit represented a different period of incarceration.

Before reaching the merits of this issue, we note the Commonwealth has incorrectly asserted Appellant waived this issue by failing to include it in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant's challenge to the amount of time credit he received implicates the legality of his sentence, so this issue cannot be waived. See Commonwealth v. Gibbs, 181 A.3d 1165, 1166 (Pa. Super. 2018).

The sentencing transcript reveals Appellant began serving a sentence at another docket on June 9, 2017. See N.T. Sentencing, 9/26/17, at 12. Appellant's counsel asked that the time he served beginning on April 12, 2017, when he was arrested for the crimes at issue here, until June 9, 2017, be applied toward his sentence. See id., at 13. The sentencing court responded that it had already given him credit for this time at the other docket. See id. When asked, the probation officer who prepared Appellant's pre-sentence investigation report stated that Appellant had been given 53 days of credit time at the other docket. See id.

Appellant asserts the 53 days of credit awarded at the other docket actually represents the time he served for those crimes before posting bail,

- 5 -

from October 17, 2016, to December 6, 2016. He concludes he has not been awarded time credit for the 58 days from April 12, 2017, to June 9, 2017 at either docket.

The record does not settle this discrepancy. Examination of the docket sheets from Appellant's other conviction confirms Appellant was awarded 53 days of time credit for a sentence beginning on June 9, 2017. And those docket sheets support his assertion that he served 53 days in jail before posting bail on December 6, 2016. So, we cannot say with certainty if Appellant has been awarded credit for the time served from April 10, 2017, when he was incarcerated again, until June 9, 2017, when he began serving the other sentence.

Thus, out of an abundance of caution, we remand for the trial court to examine the award of credit time. Appellant is not entitled to "double credit"— a duplicate award of credit for time served at both dockets. Rather, we instruct the trial court to determine whether Appellant has been given credit for the time served from April 10, 2017, to June 9, 2017, at either docket. If not, the trial court is directed to award those 58 days of time credit to Appellant's sentence.

The trial court shall make this determination within 30 days of the remand and report its findings in a supplemental Rule 1925(a) opinion.

Case remanded with instructions. Panel jurisdiction retained.