J-S65018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PRINCEL V. SUMMERS | |
| Appellant | No. 1582 MDA 2017 |

Appeal from the PCRA Order entered September 26, 2017
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0001041-2015

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 14, 2019**

Appellant, Princel V. Summers,[1] appeals from the September 26, 2017 order entered in the Court of Common Pleas of York County, denying his petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  While Appellant asserts the trial court erred in failing to correct his pre-sentencing credit, he claimed ineffectiveness of counsel in his PCRA petition for failing to seek retroactive revocation of his bail.  For the reasons that follows, we reject Appellant's claims and affirm the order dismissing his petition.

As the PCRA court explained:

_____

[1] We note that the docket identifies Appellant as Princel V. Summers, while he writes and signs his name as Prince'l V. Summers.  For purposes of this Memorandum, we adopt the spelling as it appears on the docket.

> On May 5, 2016, the Appellant pleaded guilty [to robbery at docket at No. 1041-2015], along with a number of other dockets, for an agreed upon sentence of three-to-six years in a state correctional facility with concurrent probationary sentences for some lesser actions. On August 22, 2016, the Appellant caused a *pro se* letter to be docketed that requested his credit for time already served to be addressed.

PCRA Court Opinion, 4/30/18, at 1. The court explained that a senior judge presided over a hearing on October 27, 2016 and entered time-credit orders on each docket, including No. 1041-2015, for which Appellant received credit for time served from December 8, 2015 until May 5, 2016. However, due to an apparent oversight, Appellant was not given credit for a period of time from January 24, 2015 to May 19, 2015. That oversight was remedied by an order entered on April 6, 2017 by the trial judge, who was also the PCRA judge. *Id.* at 1-2.[2]

With respect to No. 1041-2015, it is important to note Appellant was released on bail on May 19, 2015. He was arrested on unrelated charges on May 29, 2015 and returned to prison at that time. However, he remained out on bail with regard to No. 1041-2015. Therefore, although he was incarcerated, that confinement was unrelated to No. 1041-2015 and was correctly excluded from time-served credit calculations. As this Court reiterated in **Commonwealth v. Infante**, 63 A.3d 358 (Pa. Super. 2013), "[A] defendant shall be given credit for any days spent in custody prior to the

_____

[2] Appellant did not file a direct appeal from his judgment of sentence.

imposition of sentence, **but only if such commitment is on the offense for which sentence is imposed**." *Id.* at 367 (quoting *Commonwealth v. Clark*, 885 A.2d 1030, 1034 (Pa. Super. 2005) (additional citation omitted) (emphasis added)).

In his PCRA petition, Appellant asserted that trial counsel was ineffective for failing to secure credit for time served, including time served from May 29, 2015, when he was arrested on the unrelated charges, through December 8, 2015. Following a hearing, the PCRA court denied Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant asks us to consider a single issue in this appeal:

I.   Whether the honorable trial court erred in not granting Appellant pre-sentencing credit from May 29, 2015 to December 8, 2015 or 193 days.

Appellant's Brief at 4.[3]

---

[3] Appellant's issue, as framed, raises a claim of trial court error for failing to grant pre-sentencing credit. As explained in *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*), the PCRA procedurally bars claims of trial court error by requiring a petitioner to demonstrate that the allegation of error has not been previously litigated or waived. "At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)." *Id.* (citation omitted). "Trial court error may constitute the arguable merit prong of an [ineffective assistance of counsel] claim, but the issue must be framed properly for a petition to be entitled to relief." *Id.* (citation omitted). Here, the issue was properly raised in Appellant's petition. Therefore, we shall consider it, despite the improper phrasing of the issue presented on appeal, which we could consider waived for failure to raise it on direct appeal.

As this Court explained in ***Reyes-Rodriguez***:

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Sam***, 597 Pa. 523, 952 A.2d 565, 573 (2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. ***Commonwealth v. Pitts***, 603 Pa. 1, 981 A.2d 875, 878 (2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. ***Id.***

***Id.***, 111 A.3d at 779. Further, "[i]t is well-established that counsel is presumed effective and a PCRA petitioner bears the burden of proving ineffectiveness." ***Id.*** at 779-80 (citations and brackets omitted).

To prevail on an [ineffectiveness assistance of counsel] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. ***Commonwealth v. Baumhammers***, [625 Pa. 354], 92 A.3d 708, 719 (2014) (citing [***Commonwealth v. Pierce***, 527 A.2d 973, 975–76 (Pa. 1987)]). A petitioner must prove all three factors of the "***Pierce*** test," or the claim fails. ***Id.*** In addition, on appeal, a petitioner must adequately discuss all three factors of the "***Pierce*** test," or the appellate court will reject the claim. ***Commonwealth v. Fears***, 624 Pa. 446, 86 A.3d 795, 804 (2014).

***Id.*** at 780.

Appellant asserts that trial counsel was ineffective for failing to request revocation of his bail on No. 1041-2015 so he would receive credit while incarcerated on charges relating to his May 29, 2015 arrest. He contends counsel had no reasonable basis for failing to request bail revocation, and

argues he did not receive credit from May 29, 2015 to December 8, 2015 as a result. Appellant's Brief at 9. He suggests the PCRA court acknowledged Appellant did not receive credit because his bail was not revoked. *Id.*

In its opinion, the PCRA court conceded that Appellant's claim had arguable merit. "Where no credit was awarded at the time of the plea, it is axiomatic that there is arguable merit to a claim that a defendant was misled about how the defendant's credit would flesh out." PCRA Court Opinion, 4/30/18, at 11. We agree. Therefore, we conclude Appellant satisfied the first prong of the *Pierce* test.

However, Appellant cannot satisfy the second prong, *i.e.*, that counsel had no reasonable basis for acting or failing to act. As the PCRA court explained, "A chosen strategy will not be found to have lacked a reasonable basis unless it is proven 'that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Id.* (quoting *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009)). The PCRA court observed:

> As it was this court that presided over the plea and sentencing, we can assure the Appellant that this strategy[, *i.e.*, asking for bail to be revoked retroactively,] would not have succeeded. To be blunt, the Appellant received a minimal sentence for a good amount of crime. Had [trial counsel] been aware of and pursued a strategy of retroactively revoking bail, we would have rejected it. We explained all of this at the September 26, 2017 hearing on the PCRA petition.

PCRA Court Opinion, 4/30/18, at 11 (citing Notes of Testimony, PCRA Hearing, 9/26/17, at 20) (some capitalization omitted).

Because Appellant has not satisfied the second prong of the **Pierce** test, he cannot succeed on his PCRA claim. "A failure to satisfy any of the three prongs of the **Pierce** test requires rejection of a claim of ineffective assistance of trial counsel[.]" **Commonwealth v. Chmiel**, 30 A.3d 1111, 1128 (Pa. 2011) (additional citations omitted).[4]

Order affirmed.

Judge Shogan joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2019

---

[4] The PCRA court briefly addressed the third prong of the **Pierce** test to illustrate that Appellant failed to satisfy that prong as well, *i.e.*, that counsel's actions resulted in prejudice to Appellant. The court considered whether absent counsel's error, "[W]ould the outcome have been any different? Again, knowing how we would have ruled upon a request to engage in the fiction of revoking credit retroactively, the answer is no." PCRA Court Opinion, 4/30/18, at 11-12. Moreover, as the PCRA court observed, there was nothing in the record to suggest that Appellant did not enter his pleas unknowingly. **Id.** at 12.