J-S33044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RAMON PENA | : | |
| Appellant | : | No. 3257 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 26, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000223-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RAMON PENA | : | |
| Appellant | : | No. 3258 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 26, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000433-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CARLOS PEREZ | : | |
| Appellant | : | No. 3266 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 26, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000051-2019

J-S33044-20

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED JULY 27, 2020**

Appellant, Ramon Pena a/k/a Carlos Perez, appeals from the September 26, 2019, judgment of sentence entered in the Court of Common Pleas of Wayne County following his open guilty plea to one count of retail theft[1] at CP-64-CR-0000433-2018 ("433-2018"), one count of possession of drug paraphernalia[2] at CP-64-CR-0000051-2019 ("51-2019"), and one count of retail theft[3] at CP-64-CR-0000223-2019 ("223-2019"). Additionally, Appellant's counsel has filed a petition seeking to withdraw his representation, as well as a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967), and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "***Anders*** brief"). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The relevant facts and procedural history are as follows: As indicated *supra*, Appellant was charged with separate offenses at three lower court docket numbers. The trial court consolidated the cases, and on August 15, 2019, Appellant entered open guilty pleas to the offenses.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] 35 P.S. § 780-113(a)(32).

[3] 18 Pa.C.S.A. § 3929(a)(1).

- 2 -

On September 26, 2019, Appellant proceeded to a sentencing hearing[4] at which the trial court acknowledged it reviewed a presentence investigation report ("PSI"), as well as all of the attachments to the PSI. N.T., 9/26/19, at 6, 9. Appellant confirmed the accuracy of the PSI and indicated he had no new information to add to the PSI. *Id.* at 7-8. The district attorney indicated:

> I've read the [PSI], I find it to be full and complete. I would note that the individual[] crime[s] for which [Appellant] is being sentenced today is [*sic*], standing alone, are not that serious. However, [Appellant] has twenty-one convictions, several of which are felony convictions for delivery of drugs, several other convictions for theft. [Appellant] has been in this courtroom many times over the last five to ten years, many times. The recommendation for [Appellant] to go to the State Penitentiary is within the guidelines and he richly deserves that sentence in the State Penitentiary.

*Id.* at 8.

Appellant's counsel indicated that Appellant is forty-seven years old and single, as well as has no children. *Id.* Counsel noted Appellant has his GED, and he has worked as a cook. *Id.* Appellant's counsel further indicated:

> [Appellant is a] gentlemen [*sic*] who has struggled with addiction for over twenty years, Your Honor. He freely admitted that this theft was caused by feeding his addiction. While he's been in jail he has, he has [*sic*] cooperated with and attended the drug and alcohol counseling sessions, he has also participated in [B]ible study while in the jail. When he first got to jail, Your Honor, he spent ten days in detox for the Heroin in his system. He was cooperative with Probation and it is sad, Your Honor, that somebody that stole less than a hundred and fifty dollars is going to go to prison for a year and a half but as you've said, many

---

[4] We note Appellant was represented by counsel, and the trial court provided an interpreter to assist Appellant, at both the guilty plea and sentencing hearings.

- 3 -

time[s] before, we understand that you can't afford to spit on the sidewalk with a record like that.

*Id.* at 9.

The trial court asked Appellant if he wished to make a statement, and Appellant declined. *Id.* The trial court then stated the following:

> [Appellant], I've read every page of the [PSI] and all the attachments made to the report. There are twenty-one narrative pages, affidavits of probable cause, warrants, restitution claims, and the guidelines, sentencing guidelines. Since 1993 you have been in and out of various jails. You were under supervision at the time that these offenses were committed. Your work history is not very good. As [the district attorney] made known, you have twenty-one prior convictions. Twenty-one. I found a mistake in your [PSI] on page seventeen. It is a minor mistake but under the substance abuse history Cocaine/Crack it says you first used at age twenty-eight and last used at age twenty-seven, that's obviously not correct. I just wanted you to know I saw that mistake. You've had lots of opportunities to have drug and alcohol treatment at your places of confinement and while you were on the street. I am going to follow the recommendation that was made to [the trial] [c]ourt with one exception.
>
> As to Information Number 433-[2018]-Criminal, Count One: Retail Theft; It is the Sentence that you, [p]ay the costs of prosecution. Undergo incarceration in a State Correctional Institution for a period of not less than twelve months nor more than sixty months, concurrent to the sentence currently being served in Philadelphia County.
>
> As part of your sentence and as a condition of your parole, you shall make restitution in the amount of eighty-seven dollars and ninety cents to Walmart. Restitution will be paid within sixty days of parole. Payments shall be made to the Wayne County Adult Probation Department.
>
> As to Information Number 51-[2019], Count Two; [p]ay the costs of prosecution. Undergo incarceration in a State Correctional Institution for a period of not less than six months nor more than twelve months, consecutive to Information Number 433 of 2018-Criminal.

As to Information Number 223-2019, Count Three: Retail Theft; [p]ay the costs of prosecution. As part of your sentence you shall make restitution in the amount of forty-four dollars and ninety-four cents to Dave's Super Duper. Restitution will be paid within sixty days of parole to the Wayne County Adult Probation Department. I'm sorry I misspoke. Within sixty days of parole in Information Numbers 433-2018-Criminal and 51-2019-Criminal. Payments shall be made to the Wayne County Adult Probation Department. Your total recommended sentence, which I am imposing here today, is eighteen months to seventy-two months. You have eleven days credit on Information Number 433-2018-Criminal. You are RRRI eligible.

***

Your sentence is in the aggravated range due to you being on parole supervision [for unrelated crimes] at the time of your [instant] offense[s]. I did not impose a fine[.]

*Id.* at 9-12.

On Monday, October 7, 2019, Appellant filed a timely counseled post-sentence motion at each lower court docket number,[5] and the trial court denied the post-sentence motion on October 17, 2019. On November 7, 2019, Appellant filed a separate counseled notice of appeal at each lower court docket number, and this Court *sua sponte* consolidated the appeals. All Pa.R.A.P. 1925 requirements have been sufficiently met.

---

[5] ***See*** Pa.R.Crim.P 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday…, such day shall be omitted from the computation.").

On March 23, 2020, counsel filed in this Court a petition seeking to withdraw his representation, as well as an **Anders** brief. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in **Santiago** stated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue

the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with the **Anders** requirements is sufficient. **See id.**

Herein, counsel contemporaneously filed his petition to withdraw as counsel and **Anders** brief. His brief and petition substantially comply with the technical requirements of **Anders** and **Santiago**. Moreover, counsel has provided this Court with a copy of the letter, which he sent to Appellant advising him of his right to retain new counsel, proceed further with his case *pro* se, and raise any points that he deems worthy of this Court's attention. **See Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005). Therefore, we proceed to examine the issues counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

Appellant first challenges the discretionary aspects of his sentence. Specifically, he contends the trial court abused its discretion in failing to set forth adequate reasons on the record for imposing sentences in the aggravated range for his offenses at lower court docket numbers 51-2019

(possession of drug paraphernalia) and 433-2018 (retail theft).[6] He also contends these sentences are unduly excessive.[7]

When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***See Commonwealth v. Moury***, 992 A.2d 162 (Pa.Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, assuming, *arguendo*, all of these requirements have been met, we conclude Appellant's discretionary aspects of sentencing issues are meritless.

> It is well-settled that:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

---

[6] As indicated *supra*, the trial court imposed no prison term for Appellant's offense at lower court docket number 223-2019 (retail theft).

[7] There is no dispute that Appellant's sentences are not beyond the statutory maximum.

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." *Moury*, 992 A.2d at 171 (citation omitted). In reviewing the sentence, an appellate court shall have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. *See* 42 Pa.C.S.A. § 9781(d)(1)–(4).

Further, 42 Pa.C.S.A. § 9721(b), pertaining to sentencing generally, relevantly provides:

> **(b) General standards.**—[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant....In every case in which the court imposes a sentence for a felony or misdemeanor...the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b) (bold in original).

Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the

- 9 -

statute in question[.]" ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010). "Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa.Super. 2006) (citation omitted).

In the case *sub judice*, the Commonwealth argued that, although Appellant's individual offenses, standing alone, were not "serious," Appellant's prior record reveals that he has twenty-one convictions, several of which are felony convictions. N.T. 9/26/19, at 8. The Commonwealth suggested that Appellant has been given "many chances," and he now "richly deserves" a lengthy sentence in a state correctional institution. ***Id.***

Appellant's counsel, on the other hand, argued for leniency noting that Appellant has struggled with addiction for over twenty years, and his need to "feed the addiction" is the reason for his instant offenses. ***Id.*** at 9. Appellant's counsel noted that, while Appellant was in prison, he participated in Bible study and drug/alcohol counseling sessions. ***Id.***

As indicated *supra*, the trial court specifically indicated it reviewed the PSI, as well as the numerous attachments, including the applicable sentencing guidelines. ***Moury***, 992 A.2d at 171 ("Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.") (quotation marks and

quotations omitted)). Further, in imposing the aggravated range sentences, the trial court specifically noted Appellant has been "in and out of jail" since 1993, his work history is "not very good," and he was under supervision for unrelated offenses when he committed his present offenses. N.T. 9/26/19, at 10. The trial court concluded Appellant had "lots of opportunities" for drug/alcohol treatment, but as Appellant's counsel noted, Appellant continued to use illegal substances. *Id.* The trial court reasoned that these factors, including the fact Appellant has twenty-one prior convictions, necessitated aggravated range sentences for lower court docket numbers 51-2019 and 433-2018. We find no abuse of discretion and conclude Appellant's discretionary aspects of sentencing issues are meritless. *See Crump*, *supra*; *Malovich*, *supra*.

In his next issue, Appellant contends the trial court erred in failing to give him credit for the 78 days he spent in prison with regard to his offense docketed at 223-2019.

A claim asserting the trial court failed to award credit for time served implicates the legality of the sentence. *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa.Super. 2009). Issues relating to the legality of a sentence are questions of law. *Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa.Super. 2016). Our standard of review over such questions is *de novo* and the scope of review is plenary. *Id.*

The relevant statutory authority provides the following:

**§ 9760. Credit for time served**.

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760 (bold in original).

Here, in applying Section 9760, and concluding Appellant was not entitled to an additional 78 days of credit for time served, the trial court relevantly indicated the following:

"A defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." ***Commonwealth v. Clark***, 885 A.2d 1030, 1034 (Pa.Super. 2005). ***See also Commonwealth v. Infante***, 63 A.3d 358, 367 (Pa.Super. 2013).

In the instant matter, Appellant was first arrested for [offenses docketed at] 433-2018-CR on October 20, 2018. Appellant spent eleven (11) days in the Wayne County Correctional Facility until he was released on bail on November 2, 2018. On February 20, 2019, Appellant was charged with 51-2019-CR while still on bail for 433-2018-CR. Appellant was not held on this case prior to sentencing. On July 10, 2019, Appellant was arrested for the third case, 223-2019-CR. Appellant was unable to post bail for this matter and remained in custody until his sentencing date on September 26, 2019[,] for a total of seventy-eight (78) days.

When Appellant was sentenced on September 26, 2019, he received a sentence of incarceration of 12-60 months in a state correctional institution with eleven (11) days [of credit for] time served pertaining to 433-2018-CR. Regarding 51-2019-CR, Appellant received a sentence of 6-12 months in a state correctional institution. [Since he was not held in prison with regard to 51-2019-CR, there was no credit for time served with regard thereto]. Regarding 223-2019-CR, Appellant did not receive a sentence involving incarceration[; but rather, the trial court directed Appellant to pay costs and restitution.] Appellant was given the correct amount of [credit for] time served regarding 433-2018. Because Appellant did not receive a sentence of incarceration for 223-2019-CR, the seventy-eight (78) days spent in custody cannot be applied to his sentence for [either] 433-2018-CR [or] 51-2019-CR pursuant to well established case law in [this] Commonwealth. ***See Clark***, [***supra***].

Trial Court Opinion, filed 1/7/20, at 4-5.

We agree with the trial court's sound reasoning. Appellant did not receive a sentence of imprisonment with regard to his offense at 223-2019, so he now seeks to have the 78 days of time he served in prison awaiting trial

with regard to 223-2019 credited to his prison sentence for his offenses at either 433-2018 or 51-2019. However, "[n]o language in [Section] 9760 provides, or even suggests, that an individual is entitled to credit for time served for periods of incarceration on offenses…wholly unrelated to the current charges." ***Commonwealth v. Saunders***, 226 A.3d 1019, 1023 (Pa.Super. 2020) (quotation marks and quotation omitted)). Rather, this Court has specifically recognized that "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." ***Clark***, 885 A.2d at 1034 (citing ***Commonwealth v. Miller***, 655 A.2d 1000, 1002 (Pa.Super. 1995)).[8] Accordingly, we find no merit to Appellant's final claim.

_____

[8] ***Miller*** involved a defendant who was arrested and charged with delivery of a controlled substance, and he subsequently posted bail and was released from custody. Nearly four months later, during the pendency of the initial charge, Miller was arrested separately on an unrelated charge of aggravated assault. Shortly thereafter, Miller was charged separately with robbery associated with the same incident that had prompted the aggravated assault charge. He remained incarcerated for several months on the latter two charges, but ultimately was acquitted on those charges. During the pendency of those charges, Miller pleaded guilty to the delivery of a controlled substance charge, and sentencing had been deferred. Ultimately, over a month after his acquittal and release on the aggravated assault and robbery charges, Miller was sentenced to confinement for the delivery of a controlled substance charge. ***Miller***, 655 A.2d at 1001. Miller sought credit for all time served on the aggravated assault and robbery charges prior to his sentencing on the delivery of a controlled substance charge. However, the trial court gave him

After examining the issues contained in the **Anders** brief, we agree with counsel that the appeal is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Yorgey**, 188 A.3d at 1195. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/20

---

credit only for the days that he served on the delivery of a controlled substance charge between his arrest on that charge and when he posted bail. On appeal, Miller argued that Section 9760(4) required that he be granted credit for the time he was detained on the aggravated assault and robbery convictions of which he ultimately was exonerated. The **Miller** court disagreed, concluding that Section 9760(4) was inapplicable and "[c]redit is not given…for a commitment by reason of a separate and distinct offense." **Id.** at 1002-03.