J. S62035/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSHUA RYAN CRESSWELL, | : | No. 739 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered April 5, 2019,
in the Court of Common Pleas of Mercer County
Criminal Division at No. CP-43-CR-0001174-2018

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 14, 2020**

Joshua Ryan Cresswell appeals from the April 5, 2019 judgment of sentence entered in the Court of Common Pleas of Mercer County after a jury convicted appellant of burglary, theft by unlawful taking, and criminal trespass.[1]  Appellant was sentenced to an aggregate 48 to 120 months' incarceration with no credit for time served.  We affirm.

The sentencing court summarized the factual history as follows:

> The crimes of which [appellant] was convicted were committed on Memorial Day, May 28, 2018.  The victim [] lives in a [d]uplex apartment alone.  She had recently arrived home after visiting her son in the hospital and she went outside around dusk to take down her flag.  She saw a young man wearing a blue shirt walking near a line of pine trees that were approximately 100 yards from her garage.  There was a brief exchange between [her] and the young man.

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(ii), 3921(a) and 3503(a)(1)(i), respectively.

The victim then went to water her plants in front of her apartment, after which she cut through the apartment and specifically her office in order to go and water her plants in the rear of the apartment. She then saw the young man, who was wearing the same shirt, inside of her office. The victim did not clearly see the man's face because he had his shirt pulled up to his nose. She did however notice that the man had tattoos. The man ran down a hallway and out a garage door, then he went towards the Busy Beaver home improvement store which was approximately 100 yards from the row of pine trees. The victim realized that a number of items were missing from her purse, including a Kindle Fire device, a wallet, cash, a driver's license, and various cards. The man did not have permission to be in the victim's home. The victim called 911.

Officer Daniel McCloskey, a Patrolman with the Hempfield Township Police Department responded and met with the victim. The victim described the man to the officer as having dark hair, a blue shirt, glasses, and tattoos on his arms. Officer McCloskey was able to obtain video and photos from Busy Beaver[,] which has conspicuous surveillance cameras on its property. Commonwealth's Exhibit 1B is a blown up photograph from the Busy Beaver[,] which shows a man with dark hair, glasses, a blue shirt and tattoos. Commonwealth's Exhibit 1C is another blown up photograph from Busy Beaver depicting what appears to be the same man as in Commonwealth's Exhibit 1B but with his shirt over his head and covering his face. Tattoos are also visible on the man's right and left arms in Commonwealth's Exhibit 1C. Officer McCloskey circulated a photograph of the man obtained from Busy Beaver to law enforcement agencies, after which Officer McCloskey met with [appellant] and identified [appellant] as the man in the photograph.

Sentencing court opinion, 6/28/19 at 3-4.

The record reveals that on June 4, 2018, appellant was taken into custody and subsequently charged with the aforementioned crimes at trial court docket CP-43-CR-0001174-2018 ("CR-1174-2018"). Also on June 4, 2018, appellant was found to be in possession of drug paraphernalia, a violation of 35 P.S. § 780-113(a)(32), and subsequently charged with this crime at trial court docket CP-43-0001173-2018 ("CR-1173-2018").

On February 5, 2019, appellant plead guilty to possession of drug paraphernalia at CR-1173-2018. On March 13, 2019, a jury convicted appellant of one count each of burglary, theft by unlawful taking, and criminal trespass at CR-1174-2018. On April 5, 2019, the sentencing court sentenced appellant, at CR-1173-2018, to 150 to 304 days' incarceration. The sentencing court calculated appellant's credit for time served to be 304 days and appellant concurred with this calculation. (Notes of testimony, 4/5/19 at 14.) The sentencing court applied the entire credit to the sentence imposed at CR-1173-2018. Finding that appellant served the maximum sentence at CR-1173-2018, the sentencing court closed CR-1173-2018. On the same day, appellant was also sentenced at CR-1174-2018 to an aggregate 48 to 120 months' incarceration in a state correctional institution and ordered to pay costs and restitution. At CR-1174-2018, appellant received no credit for time served. Appellant did not file any post-sentence motions at CR-1174-2018.

Appellant filed a timely notice of appeal at CR-1174-2018. The sentencing court ordered appellant to file a concise statement of errors

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The sentencing court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

1. Did the [sentencing] court err as a matter of law or abuse its discretion in failing to allocate any credit for time served in the present matter when [a]ppellant had bail set in this matter and failed to post said bail at any time during the proceedings of the case, and the [sentencing] court instead allocated all credit time to a separate case, being Case No. CP-43-CR-0001173-2018, which events leading to [a]ppellant's arrest occurred after the events of the present matter?

2. Could a reasonable jury have found [a]ppellant guilty based on the sufficiency of the evidence by which [appellant] was identified as the perpetrator of the crime through the testimony of Hempfield Township Police Officer McCloskey?

3. Could a reasonable jury have found [a]ppellant guilty based on the sufficiency of the evidence by which [appellant] was identified as the perpetrator of the crime through the testimony of the victim, who had no prior knowledge of [a]ppellant, was not able to identify [a]ppellant to police, and was not presented with any sort of lineup to identify [a]ppellant as the perpetrator of the crime?

Appellant's brief at 3-4.

In his first issue, appellant contends the sentencing court erred in allocating the 304 days of credit for time served to the sentence imposed at CR-1173-2018. (*Id.* at 11.) Appellant argues that because the crimes at CR-1174-2018 occurred first and that he was arrested for those crimes first, the sentencing court should have allocated the credit for time served to the

sentence imposed at CR-1174-2018 and not at CR-1173-2018 or at a minimum allocated a portion of the credit for time served to both cases. (*Id.*)

This court has held that a claim asserting that the sentencing court failed to properly award credit for time served implicates the legality of sentence. *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa.Super. 2018) (citation omitted). Issues relating to the legality of sentence are questions of law and our standard of review is *de novo* and our scope of review is plenary. *Id.* (citation omitted). Section 9760 of the Sentencing Code governing how a sentencing court applies credit for time served states, in pertinent part,

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> . . . .
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. §9760(1) & (4). This court has held that "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed.

Credit is not given, however, for a commitment by reason of a separate and distinct offense." ***Commonwealth v. Richard***, 150 A.3d 504, 520-521 (Pa.Super. 2016) (original quotation marks omitted), citing ***Commonwealth v. Clark***, 885 A.2d 1030, 1034 (Pa.Super. 2005). "While in cases involving a multitude of offenses occurring in quick succession determining which sentences a defendant is entitled to credit for presentence detainment becomes more difficult, the general rule regarding the inquiry seems simple enough - **a defendant is entitled to credit only once for presentence detainment**." ***Commonwealth v. Davis***, 852 A.2d 392, 400 (Pa.Super. 2004) (emphasis added; citation omitted), ***appeal denied***, 686 A.2d 1197 (Pa. 2005). When credit for time served is attributed equally to more than one set of offenses and each set of offenses results in the imposition of distinct sentences, the credit for time served may be applied to any one of the sentences. ***Commonwealth v. Smith***, 853 A.2d 1020, 1026 (Pa.Super. 2004), relying on ***Martin v. Pennsylvania Bd. of Prob. and Parole***, 840 A.2d 299 (Pa. 2003).

Here, the record demonstrates that appellant was sentenced at both CR-1173-2018 and CR-1174-2018 on April 5, 2019. Appellant agreed that he was to receive a credit of 304 days for time served. (Notes of testimony, 4/5/19 at 14.) The offenses in each case occurred in quick succession and the period of time appellant served applied equally to both sets of offenses. The sentencing court choose to apply the entire 304 days of credit for time

served to the sentence imposed at CR-1173-2018 and closed that case. Having applied the entire credit for time served at CR-1173-2018, the sentencing court was without any remaining balance of credit for time served to apply at CR-1174-2018. Appellant agreed he was to receive no credit for time served at CR-1174-2018. (*Id.* at 16.) Based upon the record, we discern no error of law in the sentence imposed on appellant at CR-1174-2018.

Appellant raises insufficient evidence claims in his second and third issues challenging the element of his identification as the perpetrator. (Appellant's brief at 11-16.) Our standard and scope of review for a sufficiency of the evidence claim is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa.Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004). In criminal cases, our supreme court has held that:

> [p]roof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a conviction. The evidence of identification, however, needn't be positive and certain in order to convict, although any indefiniteness and uncertainty in the identification testimony goes to its weight. Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence.

*Commonwealth v. Hickman*, 309 A.2d 564, 566 (Pa. 1973) (citations omitted).

Here, the record demonstrates that the victim was able to provide Officer McCloskey with a description of the intruder in her home, including that the intruder was wearing a blue shirt and glasses, had dark hair, and had tattoos on his arms. (Notes of testimony, 3/12/19 at 9, 11-12, 20; 3/13/19 at 70.) The victim, however, was unable to see the intruder's face because he had his shirt pulled up over his nose. (Notes of testimony, 3/12/19 at 11.) Upon discovery, the intruder fled the victim's duplex and ran towards the Busy Beaver store. (*Id.* at 12.) Officer McCloskey, upon reviewing the video surveillance of the area surrounding the Busy Beaver store, observed a man matching the victim's description of the perpetrator walking at a time in close proximity to the occurrence of the home invasion. (*Id.* at 33-35, 37-39; 3/13/19 at 47.) The man in the video surveillance was identified as appellant,

and Officer McCloskey stated that his comparison of appellant's driver's license photo confirmed appellant was the man observed in the video surveillance. (Notes of testimony, 3/12/19 at 36-37; 3/13/19 at 62.)

In viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we find there was sufficient evidence to enable the jury, as fact-finder, to determine that appellant was the intruder the victim found in her home on the day of the home invasion. Therefore, appellant's sufficiency claims are without merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/2020