J-S27011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :                PENNSYLVANIA
                                           :

                  v.                           :

EUGENE WILLIAM KEY, III           :

          Appellant             :    No. 599 WDA 2021

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010331-2017

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:          **FILED: DECEMBER 20, 2021**

Appellant, Eugene William Key, III, appeals from the May 11, 2021 order
dismissing his petition filed pursuant to the Post Conviction Relief Act
("PCRA"), 42 Pa.C.S.A. §§ 9542-9546.   We vacate the order and, for the
reasons set forth *infra*, we vacate Appellant's three judgments of sentence
and remand the cases to the trial court for resentencing in accordance with
this memorandum.

A review of the record demonstrates that on September 25, 2019,
Appellant pleaded guilty to persons not to possess, use, manufacture, control,
sell, or transfer firearms, 18 Pa.C.S.A. § 6105(a)(1), and to manufacture,
delivery, or possession with the intent to manufacture or deliver a controlled
substance, 35    P.S.    § 780-113(a)(30),    at    trial    court    docket

_____

[*] Retired Senior Judge assigned to the Superior Court.

CP-02-CR-0010331-2017 ("Case 10331-2017"). N.T., 9/25/19, at 3, 8. At the same proceeding, Appellant also pleaded guilty to manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance, 35 P.S. § 780-113(a)(30), at trial court docket CP-02-CR-0002916-2018 ("Case 2916-2018"), and the same criminal charge (35 P.S. § 780-113(a)(30)) at trial court docket CP-02-CR-0006076-2018 ("Case 6076-2018"). N.T., 9/25/19, at 2-3, 8. At Case 10331-2017, the trial court imposed an aggregate sentence of three to six years' incarceration in a state correctional facility followed by five years' probation.[1] Order of Sentence, 9/25/19. The trial court awarded Appellant credit for 31 days of incarceration at Case 10331-2017.[2] *Id.*

At Case 6076-2018, the trial court imposed a sentence of three to six years' incarceration in a state correctional facility followed by five years' probation; both the period of incarceration and the period of probation were to run concurrently with the period of incarceration and the period of probation

_____

[1] Appellant was sentenced to three to six years' incarceration followed by five years' probation for his firearms conviction, and he received a sentence of five years' probation for his possession with the intent to deliver conviction, which was to run concurrently to the probation imposed on the firearms conviction. *See* Order of Sentence, 9/25/19.

[2] The trial court awarded Appellant credit for time served as follows: June 24, 2017, to July 7, 2017 (14 days); May 11, 2018, to May 14, 2018 (4 days); October 17, 2018, to October 29, 2018 (13 days). N.T., 9/25/19, at 14.

imposed at Case 10331-2017, respectively. *Id.* at 15.[3] The same sentence was imposed at Case 2916-2018. *Id.* at 16. At Case 6076-2018, Appellant received a credit of 346 days for time served,[4] and, at Case 2916-2018, he received a credit of 344 days for time served.[5] *Id.* at 15-16.

Appellant did not appeal his judgment of sentence at Case 10331-2017. As such, his judgment of sentence became final on October 25, 2019. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review"); *see also* Pa.R.A.P. 903(a) (requiring a notice of appeal to be filed within 30 days after entry of an order from which an appeal is taken). On June 19, 2020, Appellant filed *pro se* a "petition for correction of the record due to [a] clerical error" raising a claim that the trial court failed to properly award credit for time served. *See*

---

[3] The trial court records and, in particular, the orders of sentence in Case 6076-2018 and Case 2916-2018, are not part of the certified record in the instant appeal. Therefore, we rely on the notes of testimony from the sentencing hearing to determine the sentences imposed in Case 6076-2018 and Case 2916-2018.

[4] At Case 6076-2018, the trial court awarded Appellant credit for time served as follows: January 31, 2018, to February 1, 2018 (2 days); October 17, 2018, to September 25, 2019 (344 days). N.T., 9/25/19, at 15.

[5] At Case 2916-2018, the trial court awarded Appellant credit for time served for the period of October 17, 2018, to September 25, 2019 (344 days). N.T., 9/25/19, at 16.

Appellant's *Pro Se* Petition, 6/19/20. The trial court properly treated Appellant's *pro se* petition as a PCRA petition. **See Commonwealth v. Hromek**, 232 A.3d 881, 884 (Pa. Super. 2020) (holding that, regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final and seeks relief provided under the PCRA); **see also** 42 Pa.C.S.A. § 9543(a)(2)(vii) (providing collateral relief under the PCRA based upon the "imposition of a sentence greater than the lawful maximum"); **Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa. Super. 2018) (holding that, a claim asserting that the trial court failed to properly award credit for time served implicates the legality of the sentence). The PCRA court appointed counsel to represent Appellant, and an amended PCRA petition was filed on December 29, 2020.[6]

On May 5, 2021, the PCRA court notified Appellant, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Appellant's petition without a hearing and provided Appellant 20 days in which to file a response. **See** PCRA Court Rule 907 Notice, 5/5/21.[7] On May 7, 2021, Appellant filed objections to the PCRA court's Rule 907 notice. The PCRA court subsequently dismissed

---

[6] The Commonwealth filed an answer to Appellant's amended PCRA petition on January 29, 2021.

[7] A review of the electronic record demonstrates that the PCRA court's Rule 907 notice was timestamped May 11, 2021, and was identified as the final order dismissing the PCRA petition. A review of the PCRA court docket, however, demonstrates that the Rule 907 notice was filed on May 5, 2021.

Appellant's PCRA petition on May 11, 2021. PCRA Court Order, 5/11/21. This appeal followed.[8]

Appellant raises the following issue for our review: Whether "[t]he PCRA [c]ourt erred in denying relief, where [Appellant] was not awarded proper credit for time served, resulting in an illegal sentence[?]" Appellant's Brief at 4.

In addressing Appellant's issue, we are mindful of our well-settled standard and scope of review of a PCRA court's dismissal of a PCRA petition. Proper appellate review of a PCRA court's dismissal of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

---

[8] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Here, Appellant claims the trial court imposed an illegal sentence because it failed to properly award credit for time served. Appellant's Brief at 11-14. Appellant contends he "is entitled to credit for all [the] time he spent detained while awaiting sentencing on this case from October 17, 2018[,] up to the date he entered his guilty plea and was sentenced on September 25, 2019."[9] *Id.* at 12. Appellant asserts that the trial court accepted the plea agreement, which called for the sentences in his three cases to run concurrently, but, then, the trial court awarded credit for time served from October 17, 2018, until September 25, 2019, as part of the judgment of sentence imposed in only two of the three cases, effectively rejecting the plea agreement. *Id.* at 13. Appellant argues that "if his time already served is only applied to [the judgments of sentence in Case 2916-2018 and Case 6076-2018], then his [judgment of] sentence in [Case 10331-2017] was not fully concurrent, as [he] envisioned when accepting the plea." *Id.*

In dismissing Appellant's PCRA petition without a hearing, the PCRA court explained,

> [Appellant's] claim is essentially that he did not receive credit for the time between [October 30, 2018, and September 25, 2019]. [Appellant's] time-credit claim lacks merit because he did receive credit for that contested time period - it was just applied to the

_____

[9] Appellant asserts that he is entitled to credit for time served as follows: 14 days for the period of June 24, 2017, to July 7, 2017; 4 days for the period of May 11, 2018, to May 14, 2018; 344 days for the period of October 17, 2018, to September 25, 2019. Appellant's Brief at 13-14 (stating, "[t]he total award of credit for time served as of the day of his sentencing should have been 362 days").

2018 cases [(Case 6076-2018 and Case 2916-2018)] that he was sentenced for on the same day. Moreover, the sentences imposed at [Case 6076-2018 and Case 2916-2018] were ordered to run concurrently with the sentence imposed at [Case 10331-2017]. While he was certainly not entitled to double credit, **[the trial] court did exercise its discretion and awarded time credit for the period he spent incarcerated between [October 30, 2018, and September 25, 2019,] at both the 2018 cases** at the time of sentencing. Accordingly, the record is clear that the claimed period[-]of[-]time credit did not remain unaccounted for and that [Appellant] received full credit for all [] the time he spent incarcerated prior to sentencing. [Appellant] does not cite to any legal authority in support of his claimed entitlement to triple credit[,] and the law is clear that he is not entitled to duplicate credit for unrelated charges, notwithstanding the concurrent sentencing scheme.

PCRA Court Rule 907 Notice,[10] 5/5/20, at 2-3 (record citations and formatting

omitted, emphasis added).

Section 9760 of the Pennsylvania Sentencing Code governing how a trial

court applies credit for time served states, in pertinent part,

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

. . .

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody

---

[10] The PCRA court relied upon the rationale set forth in its Rule 907 Notice *in lieu* of a Rule 1925(a) opinion. ***See*** PCRA Court Order, 5/26/21.

under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1) and (4).  This Court has held that "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed.  Credit is not given, however, for a commitment by reason of a separate and distinct offense." **Commonwealth v. Richard**, 150 A.3d 504, 520-521 (Pa. Super. 2016) (original quotation marks omitted), *citing* **Commonwealth v. Clark**, 885 A.2d 1030, 1034 (Pa. Super. 2005).  "While in cases involving a multitude of offenses occurring in quick succession determining which sentences a defendant is entitled to credit for presentence detainment becomes more difficult, the general rule regarding the inquiry seems simple enough - a defendant is entitled to credit **only once** for presentence detainment." **Commonwealth v. Davis**, 852 A.2d 392, 400 (Pa. Super. 2004) (emphasis added; citation omitted), *appeal denied*, 686 A.2d 1197 (Pa. 2005).  When credit for time served is attributed equally to more than one set of offenses and each set of offenses results in the imposition of distinct sentences, the credit for time served may be applied to any one of the sentences. **Commonwealth v. Smith**, 853 A.2d 1020, 1026 (Pa. Super. 2004), *relying on* **Martin v. Pennsylvania Bd. of Prob. and Parole**, 840 A.2d 299 (Pa. 2003).

Here, a review of record demonstrates that, at Case 10331-2017, Appellant received a credit of, *inter alia*, 13 days for time served from October

17, 2018, to October 29, 2018. N.T., 9/25/19, at 14. At Case 6076-2018, Appellant received a credit for time served of, *inter alia*, 344 days for the period of October 17, 2018, to September 25, 2019. *Id.* at 15. At Case 2916-2018, Appellant **again** received a credit for time served of 344 days for the period of October 17, 2018, to September 25, 2019. *Id.* at 16. This 344-day credit, which was awarded at Case 6076-2018 and Case 2916-2018 (but not awarded at Case 10331-2017), included the 13-day period from October 17, 2018, to October 29, 2018, that was awarded as a credit in Case 10331-2017. As such, Appellant received credit for the time served beginning on October 17, 2018, and concluding on October 29, 2018 **at three distinct trial court dockets**. This "triple credit" (as well as the "double credit" awarded at Case 6076-2018 and Case 2916-2018) is prohibited both by Section 9760 and the principle that credit is to be awarded for time spent in custody for a particular offense and that **credit cannot be awarded against more than one sentence for the same time served**. *See Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa. Super. 2014). Therefore, the PCRA court erred in dismissing Appellant's petition raising an illegal sentencing claim based upon the allocation of credit for time served. As such, we vacate the order denying Appellant's PCRA petition.

"[W]here an appellant limits his appeal to one particular illegal sentence based upon one bill of information and does not appeal [other] sentences based upon other bills of information [but] those sentences are part of a common sentencing scheme[,]" an appellate court may vacate all of the

- 9 -

sentences so the trial court can "restructure its entire sentencing scheme." ***Commonwealth v. Fields***, 197 A.3d 1217, 1233 (Pa. Super. 2018), *appeal denied*, 206 A.3d 1025 (Pa. 2019). Here, Appellant limited the instant appeal to the judgment of sentence imposed at Case 10331-2017. A review of all three of the trial court's judgments of sentence demonstrates a common sentencing scheme in which the trial court purposefully allocated credit for time served across all three sentences imposed upon Appellant in a manner contrary to the principles found in the sentencing code and our interpretive appellate case law. Consequently, we vacate the judgments of sentence imposed at Case 10331-2018, Case 2916-2018, and Case 6076-2018 and remand these cases to the trial court for resentencing. On remand, Appellant is entitled to credit for time served against only **one** of his sentences, and the credit should be awarded for time spent in custody on a particular case or set of offenses, if such a determination can be made. Where Appellant was detained on more than one case or set of offenses, the trial court has discretion to award a credit for time served against **one** of the sentences.

Order vacated. Judgments of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2021

- 10 -