**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDDIE SILVA-STROCH | : | |
| | : | |
| Appellant | : | No. 1092 MDA 2023 |

Appeal from the Order Entered July 18, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005721-2009,
CP-36-CR-0005738-2009

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: FEBRUARY 14, 2024**

Freddie Silva-Stroch ("Silva-Stroch") appeals pro se from the order entered by the Lancaster County Court of Common Pleas denying his petition seeking credit for time served on the sentence underlying this appeal for time he spent in jail in another jurisdiction on an unrelated matter.  Because we construe Silva-Stroch's petition as a serial, untimely petition pursuant to the Post Conviction Relief Act ("PCRA"),[1] and Silva-Stroch failed to establish an exception to the statutory time-bar, we affirm.

The record reflects that on March 11, 2011, Silva-Stroch pled guilty at docket CP-36-CR-5721-2009 to criminal attempt – involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, indecent

---

[1]  42 Pa.C.S. §§ 9541-9546.

assault – complainant less than thirteen years of age, and corruption of minors. The same day, Silva-Stroch pled guilty at docket CP-36-CR-5738-2009 to unlawful contact with a minor and corruption of minors. On July 25, 2011, the trial court sentenced Silva-Stroch on both dockets to an aggregate term of fifteen to thirty years of incarceration and designated him as a sexually violent predator. Silva-Stroch did not pursue a direct appeal.

On June 7, 2018, Silva-Stroch filed a pro se PCRA petition, his first, and the PCRA court appointed counsel. On July 15, 2022, the PCRA granted Silva-Stroch's motion to discontinue his PCRA petition.[2]

On September 14, 2022, Silva-Stroch filed the instant pro se petition for time credit, which the court below denied on July 18, 2023. On July 27, 2023, Silva-Stroch filed a timely pro se notice of appeal.[3] Both the court below

---

[2] From what we can discern from the record, the delay between the filing of Silva-Stroch's first PCRA petition and its ultimate discontinuance was the result of several stays that he requested and the PCRA court granted awaiting decisions from our Supreme Court and this Court relating to the constitutionality of SORNA provisions; numerous pro se motions and letters that Silva-Stroch filed; and the reassignment of the case to a different PCRA court judge.

[3] We note that Silva-Stroch filed a single notice of appeal that listed both trial court docket numbers. "[W]here a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case" and the failure to do so "will result in quashal of the appeal." *Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018), *overruled in part*, *Commonwealth v. Young*, 265 A.3d 462, 477 (Pa. 2021) (reaffirming *Walker*, but concluding that Pa.R.A.P. 902 permits an appellate court, in its discretion, to allow for the correction of such an error); *see also* Pa.R.A.P. 902. This Court has concluded, however, that a breakdown in the operations of the court, which
*(Footnote Continued Next Page)*

and Silva-Stroch have complied with Pennsylvania Rule of Appellate Procedure 1925, and Silva-Stroch now presents the following issues for our review:

1. Did the [l]ower [c]ourt err when it [d]enied [Silva-Stroch]'s [p]etition for [t]ime [c]redit?

2. Did the [l]ower [c]ourt err when it failed to adequately check the record of the dates of incarceration, before ruling on the [p]etition for [t]ime [c]redit?

3. Did the [l]ower [c]ourt err when it failed to follow Section 9760 of Title 42, which deals with the [t]ime [c]redit issue raised in [Silva-Stroch]'s [p]etition?

4. Did the [l]ower [c]ourt err by failing to have the Clerk of Courts properly compute the [t]ime [c]redit due to [Silva-Stroch]?

Silva-Stroch's Brief at 3 (unpaginated).

The arguments raised by Silva-Stroch are centered upon the lower court's failure to credit his sentence underlying this appeal with time he had served in jail in another county on an unrelated matter when he was arrested for the charges at issue in this case. *Id.* at 6-12. Before we address the

_____

excuses strict compliance with *Walker*, occurs when the lower court does not inform a defendant of his appellate rights or determine on the record that the defendant has been advised of his appellate rights. *Commonwealth v. Floyd*, 257 A.3d 13, 17 (Pa. Super. 2020); *see also* Pa.R.Crim.P. 908(E) (stating that a PCRA court "shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed"). Here, the PCRA court failed to inform Silva-Stroch of his appellate rights. We therefore conclude that a breakdown in the court's operations, like the one in *Floyd*, occurred in this case, and we decline to quash this appeal. *See Commonwealth v. Rosario*, 5 EDA 2020, 2021 WL 2395904 at 2 n.3 (Pa. Super. June 8. 2021) (non-precedential decision) (declining to quash an appeal from an order dismissing a PCRA petition pursuant to *Walker* where the appellant was not advised of his appellate rights).

merits of his claims, we must first determine whether his petition for time credit should have been treated as a PCRA petition and be subject to the PCRA's jurisdictional requirements.[4]

The law provides that any request for relief filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issue is cognizable under the PCRA. *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022); *see also Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (stating that "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition"); 42 Pa.C.S. § 9542 (defining the PCRA as "the sole means of obtaining collateral relief … encompass[ing] all other common law and statutory remedies for the same purpose that exist").

Silva-Stroch's claim that he should be awarded credit for time served implicates the legality of his sentence. *Commonwealth v. Clark*, 885 A.2d 1030, 1032 (Pa. Super. 2005). A challenge to the legality of the sentence is cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(vii); *Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020). As Silva-Stroch's petition

---

[4] We note that the court below did not treat Silva-Stroch's motion as a PCRA petition. The question of whether the motion must be treated as a PCRA petition, however, is one of law, for which our standard of review is de novo, and therefore, we are not bound by the lower court's legal determinations. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

is cognizable under the PCRA, we must construe it as a PCRA petition. **See Commonwealth v. Davis**, 852 A.2d 392, 399-400 (Pa. Super. 2004) (construing a petition for time credit as a request for relief under the PCRA).

The threshold question we must answer then is whether Silva-Stroch's PCRA petition was timely filed or, alternatively, satisfies an exception to the statutory time bar. **See Fantauzzi**, 275 A.3d at 994 ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

- 5 -

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Silva-Stroch's judgment of sentence became final on August 24, 2011, after the time to file a direct appeal expired. *Id.* § 9545(b)(3). Therefore, the instant PCRA petition, filed on September 14, 2022, is facially untimely. Additionally, Silva-Stroch failed to allege, let alone prove, any exceptions to the one-year time bar. *See generally* Petition for Time Credit, 9/14/2022, at 1-4. Accordingly, the PCRA court did not have jurisdiction to entertain Silva-Stroch's PCRA petition on the merits and we likewise lack jurisdiction to consider the claims raised on appeal. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/14/2024

- 6 -